**LAW OFFICES OF STEVEN L. WITTELS, P.C.**
Steven L. Wittels
J. Burkett McInturff
18 HALF MILE ROAD
ARMONK, NEW YORK 10504
Telephone: (914) 319-9945
Facsimile:  (914) 273-2563
slw@wittelslaw.com
jbm@wittelslaw.com



**THE ROTH LAW FIRM, PLLC**
Richard Roth
295 MADISON AVENUE, 22ND FLOOR
NEW YORK, NEW YORK 10017
Telephone: (212) 542-8882
Facsimile:  (212) 542-8883
rich@rrothlaw.com

*Attorneys for Plaintiff and the Class*

**13 CV     1061**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

**JUDGE NATHAN**

-------------------------------------------------------x

DAJIA DAVENPORT, on behalf of herself     :
and all others similarly situated,

                                          :

            Plaintiff,                    :      **CLASS AND COLLECTIVE
                                                 ACTION COMPLAINT**

            v.                            :      **Dkt. No.**

ELITE MODEL MANAGEMENT                     :
CORPORATION,

                                          :      **Demand for Trial by Jury**

            Defendant.                    :

-------------------------------------------------------x

Plaintiff Dajia Davenport ("Plaintiff"), by her attorneys the Law Offices of Steven L. Wittels, P.C., The Roth Law Firm, PLLC, and The Meyerowitz Law Firm, PLLC brings this action in her individual capacity, and on behalf of a class of persons defined below, against Defendant Elite Model Management Corporation, and hereby alleges the following with knowledge as to her own acts, and upon information and belief as to all other acts:

## OVERVIEW OF DEFENDANT ELITE MODEL'S
## WRONGFUL PAY PRACTICES

1.      Defendant Elite Model Management Corporation ("Elite") is an international fashion industry management agency with offices in New York City, Los Angeles, Miami, and Toronto.  Elite markets itself as having decades of experience providing model management, emphasizing that it has processed over five million model bookings.  Central to Elite's ability to process model bookings are the substantial number of "interns" who work for Elite each day, but are paid no wages.

2.      Defendant Elite's practice of classifying these employees as interns to avoid paying them wages violates federal and state wage and hour laws, which require all employers to pay minimum wage and overtime to their workers.[1]  Elite has for years boosted its bottom line on the backs of young interns, who while anxious to build their resumes, are too afraid to ask for compensation and/or are unaware of the wage laws' requirements.  The self-proclaimed "world's most prestigious" modeling agency knows better, however. Elite deliberately misclassifies its interns as exempt from wage requirements so as to avoid having to pay them for the hard and necessary work that enables the company to serve its modeling clients' needs.   Elite's

---

[1] The law requires all employers to pay workers whom employers "suffer or permit" to work for them.  29 U.S.C. § 203(g); N.Y. Lab. Law§ 2(7).

1

misclassification of these employees also hurts the economy, as it deprives many young people entering the work force of real entry-level jobs.  Jobs that many young people must forego because they cannot afford "volunteer" work at no pay.

3.     The Fair Labor Standards Act requires that all interns be paid unless an intern qualifies as a trainee.  Under the U.S. Department of Labor guidelines, trainees "do[] not perform the routine work of the business" and do not perform productive work, "for example, filing, performing other clerical work, or assisting customers[.]"[2]  Furthermore, "'[i]f the employer would have hired additional employees or required existing staff to work additional hours had the interns not performed the work, then the interns will be viewed as employees entitled to compensation under the FLSA."[3]

4.     For Plaintiff Dajia Davenport and the hundreds, if not thousands of interns who have worked for Defendant Elite, the "internship" at the modeling agency fits the classic definition of what a paid employee does.  Plaintiff and the other interns are required to do productive work every hour on the job, from preparing modeling books of the agency's clients to chaperoning models to advertising print and media shoots.  Without the free labor of its interns like Ms. Davenport, Elite would have been forced to do what every other reputable employer in this country does: pay workers an honest day's wage for an honest day's work.

5.     More than 65 years ago the United States Supreme Court in Walling v. Portland Terminal Co., 330 U.S. 148, 152 (1947) determined that when a company derives benefit from a so-called trainees' work, and the trainee does not participate in any educational or vocational

_____

[2] U.S. Dep't. of Labor, Fact Sheet #71: Internship Programs Under The Fair Labor Standards Act, Apr. 2010, (available at: http://www.dol.gov/whd/regs/compliance/whdfs71.pdf (last visited February 15, 2013)).

[3] Id.

training programs, then the worker must be paid.  In words still resonant today, the Supreme Court warned of sweatshops like Elite's "in which an employer has evasively accepted the services of beginners at pay less than the legal minimum."[4]  Elite's intern program is worse even than the "evasive" workplace warned of by the Truman-era court, for here Elite's workers don't make less than the legal minimum, they make nothing.

6.      Elite's Internet job postings for "internships" during NYC Fashion Week further hammers home the point that Elite's interns are employees doing *real* work for what should have been real money.  According to one posting on Facebook, the successful candidate will "update[] portfolios and organize model files[,]" "[assist] models with their schedules, helping them around the city or escorting them to fashion shows if necessary[,]" and perform "[g]eneral administrative duties."[5]  Elite's Facebook solicitation also advises prospective interns of "possible weekend hours" and highlights that "expert knowledge of the MTA system is also a huge plus as it will help immensely should [the intern] have to escort a model around time (sic)."[6]  If ever a job description meets the definition of a paid employee, this is it.

7.      Defendant Elite ramps up its internship program in anticipation of NYC's bi-annual Fashion Week, a time when all the major players in the industry gather in New York to market their modeling talent and show off their new designs.  As Fashion Week approaches, Elite warns its intern staff that Fashion Week is "crunch time," "hectic," and requires each intern's "A GAME."  In short, Elite is telling its unpaid labor force get ready to work your butt

---

[4] Id. at 153.

[5] Elite Model Management New York City Facebook Page, January 25, 2013 (available at https://www.facebook.com/elitenewyorkcity (last visited February 15, 2013))

[6] Id.

off.

8.      Defendant Elite uses its internship program as a way to simply obtain free labor, thus avoiding hiring additional staff or having current staff work more hours.  Like Plaintiff Ms. Davenport, who was a Fashion Week intern in the summer of 2010, the 2013 Fashion Week interns are not trainees.  They are thrown right into the job with minimal instruction and are expected to do the work of full-time entry-level employees.  They regularly work more than 40 hours a week.  And in insult to injury, their penny-pinching employer Elite deprives them of all the standard benefits employees receive, including vacations and sick days, unemployment and workers compensation insurance, social security contributions, and overtime pay for the long hours the agency demands of them.

9.      Plaintiff Ms. Davenport brings this action on behalf of herself and all similarly situated Elite "interns" who have been deprived of wages, overtime pay and benefits while employed by Elite.  Plaintiff brings this case both as a class action under the New York Labor Law Art. 6 and Art. 19, and as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 216(b).

10.     Because Defendant's unlawful conduct is ongoing, Plaintiff also seeks injunctive relief to ensure that Defendant's unlawful wage policies and practices do not continue.

## PARTIES

11.     Plaintiff Dajia Davenport resides in New York, New York.  Plaintiff Davenport was employed by Defendant as an unpaid intern from approximately August 16, 2010 to September 16, 2010.

12.     Plaintiff Davenport was hired by Elite to assist it during the September, 2010 NYC Fashion Week.

4

13.     Plaintiff Davenport is a covered employee within the meaning of the FLSA and the NYLL.

14.     Defendant Elite Model Management Corporation is a Delaware corporation headquartered in New York City, where it also maintains its executive offices.

15.     At all relevant times, Elite maintained control, oversight, and direction over Plaintiff and its employees, including with respect to the hiring and other employment practices that applied to unpaid interns.

16.     Elite applies the same employment policies, practices, and procedures, including hiring criteria and failure to pay wages, to all interns who work at Elite.

17.     Elite is a covered employer within the meaning of the FLSA and the NYLL and, at all relevant times, employed and/or jointly employed Plaintiff and similarly situated employees.

## JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction with respect to Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1337, and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1332 (the "Class Action Fairness Act") and 28 U.S.C. § 1367 (supplemental jurisdiction).  This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

19.     Plaintiff's state law claims are so closely related to Plaintiff's claims under the Fair Labor Standards Act that they form part of the same case or controversy under Article III of the United States Constitution.

20.     This action meets the prerequisites of the Class Action Fairness Act, because the

aggregate claims of the Class exceed the sum or value of $5,000,000.00, the Class has more than 100 members, and diversity of citizenship exists between at least one member of the Class and Defendant.

21.     This Court has personal jurisdiction over Defendant because it maintains sufficient contacts in this jurisdiction, including the maintenance of its headquarters in New York, New York.

22.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(1) & (2). Substantial acts in furtherance of the alleged improper conduct occurred within this District and Plaintiff resides within this District.

### CLASS ACTION ALLEGATIONS

23.     Plaintiff brings her causes of action under the NYLL pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and all persons who have worked as unpaid or underpaid interns at Elite Model Management Corporation in New York between February 15, 2007 and the date of final judgment in this matter (the "Intern Class").

24.     Excluded from the Intern Class are Defendant, Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned, their judicial staffs, and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Intern Class.

25.     This NYLL counts brought by Plaintiff may properly be maintained as a class action against Defendant pursuant to the provisions of Federal Rule of Civil Procedure 23.

26.     The size of the Intern Class is more than 100 individuals.  The persons in the Intern Class are so numerous that the joinder of all such persons is impracticable.

27.     Plaintiff is a member of the Intern Class.  Her claims are typical of the claims of

the Intern Class and do not conflict with the interests of any other members of the Intern Class. All members of the Intern Class have been subject to and affected by the same conduct.

28.     Plaintiff will fairly and adequately protect the interests of all Intern Class members because it is in her best interest to vigorously prosecute the claims alleged herein and to obtain full compensation due to them for the illegal conduct of which they complain. Plaintiff has retained competent and experienced class action attorneys to represent her interests and that of the Intern Class. Plaintiff and her counsel have the necessary financial resources to adequately litigate this class action, and Plaintiff and her counsel are aware of their fiduciary responsibilities to the Intern Class and are determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for the Intern Class.

29.     Questions of law and fact are common to the Intern Class and predominate over any questions affecting only individual members, and a class action will generate common answers to the questions below, which are apt to drive the resolution of this action:

a.   Whether Defendant has misclassified its interns as exempt from pay;

b.   Whether Defendant has failed to pay its interns wages, overtime and benefits in violation of federal and state laws;

c.   Whether Defendant should compensate its interns for an extra hour of pay for all days when they worked more than 10 hours as required by New York's spread-of-hours law;

d.   Whether Defendant failed to comply with the notice and recordkeeping requirements of the NYLL;

e.   Whether Defendant's unlawful wage and hour policies or practices as alleged herein were instituted willfully or with reckless disregard for the law;

f.   Whether, and to what extent, equitable relief should be imposed on Defendant to prevent Defendant from continuing its unlawful wage and hour policies;

g.   The extent of class-wide injury and the measure of damages for those injuries.

30.    A class action is superior to all other available methods for resolving this controversy because i) the prosecution of separate actions by Intern Class members will create a risk of adjudications with respect to individual Intern Class members that will, as a practical matter, be dispositive of the interests of the other Intern Class members not parties to this action, or substantially impair or impede their ability to protect their interests; ii) the prosecution of separate actions by Intern Class members will create a risk of inconsistent or varying adjudications with respect to individual Intern Class members, which will establish incompatible standards for Defendant's conduct; iii) Defendant has acted or refused to act on grounds generally applicable to the Intern Class; and iv) questions of law and fact common to the Intern Class predominate over any questions affecting only individual members.

31.    Accordingly, this action satisfies the requirements set forth under Fed. R. Civ. P. 23(a) and 23(b).

32.    Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## COLLECTIVE ACTION ALLEGATIONS

33.    Plaintiff brings her causes of action under the FLSA on behalf of herself and all persons who have worked as unpaid or underpaid interns at Elite Model Management Corporation in New York between February 15, 2010 and the date of final judgment in this matter (the "Intern Collective").

34.    Defendant is liable under the FLSA for, inter alia, failing to properly, compensate Plaintiff and the Intern Collective.  The Intern Collective consists of many similarly situated individuals who have been underpaid or not paid at all by Defendant in violation of the FLSA and who would benefit from the issuance of a court supervised notice of the lawsuit and the

opportunity to join the lawsuit. Those similarly situated collective members are known to Defendant, are readily identifiable, and can be located through Defendant's records. Notice should be sent to the members of the Intern Collective pursuant to 29 U.S.C. § 216(b).

## CLASS-WIDE FACTUAL ALLEGATIONS

35.    Plaintiff and the members of the Intern Class and Intern Collective defined above (collectively, "Intern Class Members") have been victims of a common policy and plan perpetrated by Defendant that has violated their rights under the FLSA and the NYLL by denying them pay, including without limitation minimum wages, overtime wages, and spread-of-hours wages.

36.    At all relevant times, Defendant's unlawful conduct, policies, and patterns or practices described herein have been willful.

37.    As part of its ongoing business practice, Defendant has intentionally, willfully, and repeatedly harmed Plaintiff and the Intern Class Members by engaging in a pattern, practice, and/or policy of violating the FLSA and/or the NYLL as described herein.

38.    Defendant has failed to pay wages for all hours worked to Plaintiff and the Intern Class Members.

39.    Defendant has benefitted from the work that Plaintiff and the Intern Class Members performed.

40.    Defendant would have hired additional employees or required existing staff to work additional hours had Plaintiff and Intern Class Members not performed work for Defendant.

41.    Defendant did not provide academic or vocational training to Plaintiff or the Intern Class Members.

42.    Defendant failed to pay Plaintiff and the Intern Class Members minimum wages

for all hours worked, overtime for all hours that they worked over forty in a workweek, and spread-of-hours pay for workdays over 10 hours.

43.     Defendant failed to keep accurate or adequate records of hours worked by Plaintiff and the Intern Class Members as required by the FLSA and the NYLL.

44.     Defendant's unlawful conduct has been pursuant to a corporate policy or practice of minimizing labor costs by denying Plaintiff and the Intern Class Members compensation in violation of the FLSA and NYLL.

45.     Defendant's unlawful conduct has been widespread, repeated, and consistent.

46.     Defendant's policies and practices as described herein are ongoing.

47.     Defendant's unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff and the Intern Class Members.

## PLAINTIFF'S FACTUAL ALLEGATIONS

48.     Plaintiff worked for Defendant as an intern in Defendant's New York City office for approximately a month beginning on or about August 16, 2010.

49.     Plaintiff's work was supervised by Elite staff, including Elite employee Alison Wilensky.

50.     Plaintiff's job responsibilities included working long hours:

   a.  Updating and organizing Elite model's portfolios;

   b.  Picking up models from their homes and escorting them to and from bookings;

   c.  Escorting models on shopping errands to purchase clothes;

   d.  Escorting models to their homes/hotels;

   e.  Organizing office files;

   f.  Cleaning Elite's office space, including wiping out drawers in closets; and

g.  Running errands for Elite staff, such as purchasing coffee for the office.

51.     Plaintiff worked alongside other individuals whom Defendant also classified as interns, who performed productive work and were also paid no wages or were underpaid.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### FAIR LABOR STANDARDS ACT - MINIMUM WAGES
### (ON BEHALF OF THE INTERN COLLECTIVE)

52.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

53.     Defendant has engaged in a widespread pattern, policy, and practice of violating the FLSA.

54.     The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq., and the supporting federal regulations, apply to Defendant and protect Plaintiff and the Intern Collective.

55.     At all relevant times, Plaintiff and the Intern Collective were employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a), and/or they were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (r), and (s).

56.     At all relevant times, Plaintiff and the Intern Collective were employees of Defendant within the meaning of 29 U.S.C. § 203(e).

57.     At all relevant times, Defendant employed Plaintiff and the Intern Collective within the meaning of 29 U.S.C. § 203(g).

58.     Defendant has engaged in a policy and/or practice of failing to pay Plaintiff and the Intern Collective at least the applicable minimum wage for all hours it suffered or permitted them to work.

59.     As a result of these wage violations, Plaintiff and the Intern Collective have suffered damages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

60.     Defendant's unlawful conduct has been willful and intentional.  Defendant was aware or should have been aware that its practices with respect to the compensation of Plaintiff and the Intern Collective are unlawful.

61.     Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the Intern Collective.

62.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

63.     Members of the Intern Collective are entitled to collectively participate in this action by choosing to "opt-in" and submitting written Consents to Join this action.  29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

### FAIR LABOR STANDARDS ACT - OVERTIME WAGES
### (ON BEHALF OF THE INTERN COLLECTIVE)

64.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

65.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq., and the supporting federal regulations, apply to Defendant and protect Plaintiff and the Intern Collective.

66.     Defendant has failed to pay Plaintiff and the Intern Collective overtime wages at time and a half for all hours that they worked over 40 hours in a work week.

67.     As a result of Defendant's unlawful acts, Plaintiff and the Intern Collective have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

68.     Defendant's unlawful conduct has been willful and intentional.  Defendant was aware or should have been aware that its practices with respect to the compensation of Plaintiff and the Intern Collective are unlawful.

69.     Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the Intern Collective.

70.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

71.     Members of the Intern Collective are entitled to collectively participate in this action by choosing to "opt-in" and submitting written Consents to Join this action. 29 U.S.C. § 216(b).

## THIRD CAUSE OF ACTION

### FAIR LABOR STANDARDS ACT - RECORDKEEPING VIOLATIONS
### (ON BEHALF OF THE INTERN COLLECTIVE)

72.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

73.     Defendant failed to make, keep, and preserve accurate records with respect to Plaintiff and the Intern Collective, including hours worked each workday and total hours worked each workweek, as required by the FLSA, 29 U.S.C. § 211(c), and supporting federal regulations.

## FOURTH CAUSE OF ACTION

### NEW YORK LABOR LAW ARTICLE 19 - MINIMUM WAGE
### (ON BEHALF OF THE INTERN CLASS)

74.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

75.     Defendant failed to pay Plaintiff and the Intern Class the minimum wages to which they are entitled under the NYLL.

76.     Defendant has engaged in a widespread pattern, policy, and practice of violating the NYLL.

77.     At all relevant times, Plaintiff and the Intern Class have been employees and Defendant has been an employer within the meaning of NYLL § § 190, 651(5), 652 and the supporting New York State Department of Labor Regulations.

14

78.     The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor regulations apply to Defendant and protect Plaintiff and the Intern Class.

79.     Defendant was required to pay Plaintiff and the Intern Class at least a minimum wage at a rate of (a) $7.15 per hour for all hours worked from January 1, 2007 through July 2009; and (b) $7.25 per hour for all hours worked from July 24, 2009 through the present, under NYLL § 652 and the supporting New York State Department of Labor regulations.

80.     Defendant failed to pay Plaintiff and the Intern Class minimum hourly wages for all hours worked to which they are entitled under the NYLL and the supporting New York State Department of Labor regulations.

81.     By Defendant's knowing or intentional failure to pay Plaintiff and the Intern Class minimum hourly wages for all of the hours they worked, Defendant has willfully violated the NYLL Art. 19 §§ 650 et seq. and the supporting New York State Department of Labor regulations.

82.     Due to Defendant's violations of the NYLL, Plaintiff and the Intern Class are entitled to recover from Defendant their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## FIFTH CAUSE OF ACTION

### NEW YORK LABOR LAW ARTICLE 19 - UNPAID OVERTIME
### (ON BEHALF OF THE INTERN CLASS)

83.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

84.   The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendant and protect Plaintiff and the Intern Class.

85.   Defendant has failed to pay Plaintiff and the Intern Class overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

86.   By Defendant's knowing or intentional failure to pay Plaintiff and the Intern Class overtime wages for all hours worked over 40 hours per workweek, it has willfully violated NYLL Art. 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

87.   Due to Defendant's violations of the NYLL, Plaintiff and the Intern Class are entitled to recover from Defendant their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## SIXTH CAUSE OF ACTION

### NEW YORK LABOR LAW ARTICLE 19 - SPREAD-OF-HOURS PAY
### (ON BEHALF OF THE INTERN CLASS)

88.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

89.   Defendant has willfully failed to pay Plaintiff and the Intern Class additional compensation of one hour's pay at the minimum wage rate for each day during which they worked more than 10 hours.

90.   By Defendant's failure to pay Plaintiff and the Intern Class spread-of-hours pay, Defendant has willfully violated NYLL Art. 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations.

91.     Due to Defendant's violations of the NYLL, Plaintiff and the Intern Class are entitled to recover from Defendant their wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## SEVENTH CAUSE OF ACTION

### NEW YORK LABOR LAW ARTICLE 19- RECORDKEEPING VIOLATIONS
### (ON BEHALF OF THE INTERN CLASS)

92.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

93.     Defendant failed to make, keep, and preserve accurate records with respect to Plaintiff and the Intern Class, including hours worked each workday and total hours worked each workweek, as required by NYLL § 195(4) and supporting regulations.

94.     Defendant failed to provide Plaintiff and the Intern Class a notice containing the rate or rates of pay and basis thereof, the regular pay day, and other information required by NYLL § 195(1)(a).

95.     Defendant failed to provide Plaintiff and the Intern Class a statement with every payment of wages, as required by NYLL § 195(3).

96.     Due to Defendant's violations of the NYLL, Plaintiff and the Intern Class are entitled to recover from Defendant statutory damages for each work week that each violation occurred, as well as reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest, pursuant to NYLL § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on her own behalf and on behalf of all other similarly situated persons, seek the following relief:

(a) That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to the Intern Collective, as defined above. Such notice shall inform the Intern Collective that this civil action has been filed, of the nature of the action, and of their right to join this action;

(b) Unpaid minimum wages, overtime pay, and an additional and an equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

(c) Unpaid overtime, unpaid minimum wages, and unpaid spread-of-hours wages, pursuant to NYLL Art. 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations, and an additional and equal amount as liquidated damages pursuant to NYLL § 663;

(d) Statutory damages for Defendant's notice and recordkeeping violations pursuant to NYLL Art. 6, §§ 190 et seq.;

(e) Certification of the Intern Class set forth above pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(f) Designation of Plaintiff as class representatives of the Intern Class, and designation of counsel of record as Class Counsel;

(g) Damages of at least $50 million for unpaid wages, overtime and benefits;

(h) Pre-judgment interest and post-judgment interest;

(i)     Issuance of a declaratory judgment that the practices complained of herein are
        unlawful under NYLL Art. 6, §§ 190 et seq., NYLL Art. 19, § § 650 et seq.,
        and the supporting New York State Department of Labor regulations;

(j)     Issuance of an injunction requiring Defendant to pay all statutorily required
        wages pursuant to the NYLL and an order enjoining Defendant from
        continuing its unlawful policies and practices as described herein with respect
        to the Intern Class and Collective;

(k)     Punitive damages;

(l)     Reasonable attorneys' fees and costs of the action; and

(m)     Such other relief as this Court shall deem just and proper.

Dated:  February 15, 2013
        New York, New York

                        LAW OFFICES OF STEVEN L. WITTELS, P.C.

                        By:     _____
                                Steven L. Wittels (N.Y.S. BN 2004635)
                                J. Burkett McInturff (N.Y.S. BN 4938684)

                                18 HALF MILE ROAD
                                ARMONK, NEW YORK 10504
                                Telephone: (914) 319-9945
                                Facsimile:  (914) 273-2563
                                slw@wittelslaw.com
                                jbm@wittelslaw.com

                                *Counsel for Plaintiff and the Class*

                        THE ROTH LAW FIRM, PLLC
                        Richard Roth (N.Y.S. BN 5538)
                        295 MADISON AVENUE, 22ND FLOOR
                        NEW YORK, NEW YORK 10017
                        Telephone: (212) 542-8882
                        Facsimile:  (212) 542-8883
                        rich@rrothlaw.com

**MEYEROWITZ LAW FIRM PLLC**
Ira Meyerowitz (N.Y.S. BN 2779213)
1441 BROADWAY, 5TH FLOOR
NEW YORK, NEW YORK 10018
Telephone: (212) 686 7006
Facsimile: (646) 503-3071
irameyerowitz@aol.com

Co-*Counsel for Plaintiff and the Class*