UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

Dajia Davenport, *on behalf of herself and all others
similarly situated,*

                             Plaintiff,

                -v-

Elite Model Management Corporation,
                           Defendant.

-------------------------------------------------------------------X

13 Civ. 01061 (AJN)

NOTICE OF INITIAL
PRETRIAL CONFERENCE

ALISON J. NATHAN, District Judge:

       This case has been assigned to me for all purposes.

       Counsel for all parties are directed to appear for an initial pretrial conference with the Court, on **Friday, May 3rd, 2013** at **11:00 AM** in Courtroom 906 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York. By the date of the initial pretrial conference, counsel for all parties are required to register as filing users in accordance with the Procedures for Electronic Case Filing. Prior to the date of the conference, each party must also send the Court one courtesy copy of the party's pleadings.

       Counsel are directed to confer with each other prior to the conference regarding settlement, precertification discovery, and each of the other subjects to be considered at a Fed. R. Civ. P. 16 conference. Additionally, in accordance with the Court's Individual Rules of Practice, the Parties are directed to submit via e-mail (NathanNYSDChambers@nysd.uscourts.gov) a Proposed Civil Case Management Plan and Scheduling Order for Cases Involving FLSA Claims in PDF format **no later than nine days prior to the initial pretrial conference**. A form Proposed Case Management Plan and Scheduling Order for Cases Involving FLSA Claims is attached hereto.

       It is further ordered that included with the Proposed Civil Case Management Plan, the parties shall jointly submit a letter, not to exceed five (5) pages, providing the following information in separate paragraphs:

       (1)      A brief statement of the nature of the action and the principal defenses thereto;

       (2)      A brief explanation of why jurisdiction and venue lie in this Court;

       (3)      A brief description of all outstanding motions and/or all outstanding requests to file motions;

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAR 0 7 2013

will be necessary for the parties to engage in meaningful settlement negotiations;

(5)     A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any;

(6)     The estimated length of trial; and

(7)     Any other information that the parties believe may assist this Court in resolving the action.

If this case has been settled or otherwise terminated, counsel are not required to appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is sent prior to the date of the conference via e-mail to the Orders and Judgment Clerk at the following e-mail address: orders_and_judgments@nysd.uscourts.gov.

All conferences with the Court are scheduled for a specific time; there is no other matter scheduled for that time; and counsel are directed to appear promptly. **All pretrial conferences must be attended by the attorney who will serve as principal trial counsel.**

Requests for adjournment may be made only in a writing received not later than two business days before the conference. The written submission must (a) specify the reasons for the adjournment, (b) state whether the other parties have consented, and (c) indicate times and dates on succeeding Fridays when all counsel are available. Unless counsel are notified that the conference has been adjourned it will be held as scheduled.

Counsel who have noticed an appearance as of the issuance of this order are directed (i) to notify all other parties' attorneys in this action by serving upon each of them a copy of this notice and the Court's Individual Practices (available at the Court's website, http://nysd.uscourts.gov/judge/Nathan) forthwith, and (ii) to file proof of such notice with the Court. If unaware of the identity of counsel for any of the parties, counsel receiving this notice must forthwith send a copy to that party personally.

Dated:     3/7/13
           New York, New York

_____
ALISON J. NATHAN
United States District Judge

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                             :

                  Plaintiffs,           :

                             :         ___ Civ. _____ (AJN)

        -v-                  :

                             :        CIVIL CASE

                             :        MANAGEMENT PLAN

                             :        AND SCHEDULING

                Defendants.        :        ORDER FOR CASES

                             :        INVOLVING FLSA

-------------------------------------------------------------------:         CLAIMS

                           X

This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties [consent _____ / do not consent _____] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [If all parties consent, the remaining paragraphs need not be completed.]

2. Settlement discussions [have _____ / have not _____] taken place.

3. The parties [have _____ / have not _____] conferred pursuant to Fed. R. Civ. P. 26(f).

4. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within _____ days from the date of this Order. [Absent exceptional circumstances, thirty (30) days.]

5. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than _____ days from the date of this Order. [Absent exceptional circumstances, fourteen (14) days.]

6. Collective Action -- Conditional Certification

    a. The Plaintiff(s) [will _____ / will not _____] move for conditional certification of this case as a collective action.

    *Subparts b. through d. below need not be answered if the Plaintiff(s) will __not__ be moving for certification of this case as a collective action.*

b. Plaintiff(s)' motion to conditionally certify this case as an FLSA collective action shall be filed on or before _____ . [Absent exceptional circumstances, twenty-one (21) days from the initial pretrial conference].  Plaintiff(s)' motion is to contain a proposed notice, claim form, and publication order.

c. Defendant(s)' response to Plaintiff(s)' motion for conditional certification shall be filed on or before _____ . [Absent exceptional circumstances, twenty-one (21) days from the filing of Plaintiff(s)' motion for conditional certification].

d. Plaintiff(s)' reply concerning their motion for conditional certification shall be filed on or before _____ . [Absent exceptional circumstances, twenty-one (21) days from the filing of Defendant(s)' response to Plaintiff(s)' motion for conditional certification].

7.  Pre-Rule 23 Class Certification Discovery

a. All pre-rule 23 class certification discovery must be completed not later than _____ [Absent exceptional circumstances, not more than six months from the initial pretrial conference]

b. Initial requests for production of documents shall be served by _____ .

c. Interrogatories shall be served by _____ .

d. Depositions shall be completed by _____ .

e. Requests to admit shall be served by _____ .

f. Any of the deadlines in paragraphs 7(b) through 7(e) may be extended by the written consent of all parties without application to the Court, provided that all pre-rule 23 class certification discovery is completed by the date set forth in paragraph 7(a).

8.  Rule 23 class action motion schedule

a. Plaintiffs' motion to certify a Rule 23 class shall be filed on or before _____ [Absent exceptional circumstances, not more than 1 month from close of pre-class certification discovery]

b. Defendants' Response shall be filed on or before _____ [Absent exceptional circumstances, not more than 1 month from filing of Plaintiffs' motion]

c. Plaintiffs' Reply shall be filed on or before _____ [Absent exceptional circumstances, not more than 1 month from filing of Defendants' response]

9. If a class action is certified, the parties will reconvene with the Court to address whether additional discovery, including expert discovery and related post-certification discovery, is required.

10. Schedules for expert discovery and post-discovery dispositive motions, if necessary, will be set at a later date.

11. All motions and applications shall be governed by the Court's Individual Practices.

12. All counsel must meet in person for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

13. Alternative dispute resolution/settlement

   a.     Counsel for the parties have discussed an informal exchange of information in aid of early settlement of this case and have agreed upon the following:

   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____

   b.     Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

   _____
   _____
   _____
   _____

   c.     Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 10(b) be employed at the following point in the case (e.g., within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

   _____
   _____

_____
_____

     d.     The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

14. Unless otherwise ordered by the Court, within thirty (30) days of the close of all discovery, or, if a dispositive motion has been filed, within thirty (30) days of a decision on such motion, the parties shall submit to the Court for its approval a Joint Final Pretrial Order prepared in accordance with the Court's Individual Practices and Fed. R. Civ. P. 26(a)(3). Any motions *in limine* shall be filed on or before the date on which the Final Pretrial Order is due. If this action is to be tried before a jury, proposed *voir dire*, jury instructions, and verdict form shall also be filed on or before the Final Pretrial Order due date. Counsel are required to meet and confer on a joint submission of proposed jury instructions, verdict form, and voir dire questions, noting any points of disagreement in the joint submission. Jury instructions may not be submitted after the Final Pretrial Order due date, unless they meet the standard of Fed. R. Civ. P. 51(a)(2)(A). If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted on or before the Final Pretrial Order due date.

15. At the close of discovery or, if a party has filed a dispositive motion, then within 30 days of a decision resolving the motion, the court will set a trial date. Counsel must notify the Court and all other counsel in writing of any potential scheduling conflicts – including, but not limited to, trials and vacations – that would prevent a trial at a particular time. Such notice bust come <u>before</u> the Court notifies counsel of an actual trial date, <u>not after</u> counsel receives notification thereof. Counsel should also notify the Court and all other counsel in writing, at the earliest possible time, of any scheduling problems involving out-of-town witnesses or other exigencies.

16. This case [is _____ / is not _____] to be tried to a jury.

17. Counsel for the parties have conferred and their present best estimate of the length of trial is _____.

18. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.

_____
_____
_____
_____

16.     The next Case Management Conference is scheduled for _____ at _____.

Counsel for the Parties:

_____          _____

_____          _____

_____          _____

_____          _____

      This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown.  Any application to modify or extend the dates herein (except as provided in paragraph 7(f)) shall be made in a written application in accordance with Court's Individual Practices and shall be made no less than two (2) business days prior to the expiration of the date sought to be extended.

      SO ORDERED.

                                _____
                                      JUDGE ALISON J. NATHAN
                                      United States District Judge

Dated: _____
       New York, New York