**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| DAJIA DAVENPORT, on behalf of herself and all others similarly situated. |
| Plaintiff, |
| v. |
| ELITE MODEL MANAGEMENT CORPORATION, |
| Defendant. |

**Document Electronically Filed**

1:13-cv-01061-AJN

**ANSWER AND AFFIRMATIVE DEFENSES OF**
**DEFENDANT ELITE MODEL MANAGEMENT CORPORATION**

Defendant Elite Model Management Corporation ("Defendant") hereby submits its Answer and Affirmative Defenses ("Answer") to Plaintiff's First Amended Class and Collective Action Complaint, dated April 26, 2013 ("First Amended Complaint").

**AS TO THE ALLEGATIONS UNDER THE HEADING**
**"OVERVIEW OF DEFENDANT ELITE MODEL MANAGEMENT'S WRONGFUL PAY**
**PRACTICES"**

1.     Defendant denies each and every allegation contained in Paragraph 1 of the First Amended Complaint, except that Defendant is a model management firm with offices in several locations.

2.     Defendant denies each and every allegation contained in Paragraph 2 of the First Amended Complaint.

3.     The allegations in Paragraph 3 of the First Amended Complaint are legal conclusions, and therefore no response is required.  To the extent that a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 3, and refers the Court to the contents of any applicable guidance of the U.S. Department of Labor for the content thereof.

4.      Defendant denies each and every allegation contained in Paragraph 4 of the First Amended Complaint.

5.      Defendant denies each and every allegation contained in Paragraph 5 of the First Amended Complaint, except to the extent it seeks a legal conclusion, to which no response is required.

6.      Defendant denies each and every allegation contained in Paragraph 6 of the First Amended Complaint and, to the extent Plaintiff purports to quote any internet postings, the language of any such postings speak for themselves.

7.      Defendant denies each and every allegation contained in Paragraph 7 of the First Amended Complaint.

8.      Defendant denies each and every allegation contained in Paragraph 8 of the First Amended Complaint.

9.      Defendant denies each and every allegation contained in Paragraph 9 of the First Amended Complaint.

10.      The allegations in Paragraph 10 of the First Amended Complaint are a characterization of this action to which no response is required.  To the extent that a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 10, except that Defendant admits that Plaintiff purports to bring claims under the New York Labor Law ("NYLL") and the Fair Labor Standards Act ("FLSA") on behalf of herself and others as stated in the First Amended Complaint.  Defendant specifically denies that this case properly may be so maintained.

11.     Defendant denies each and every allegation contained in Paragraph 11 of the First Amended Complaint, except that Defendant admits that Plaintiff purports to seek injunctive relief.

## AS TO THE ALLEGATIONS
## UNDER THE HEADING "PARTIES"

12.     Defendant denies each and every allegation contained in Paragraph 12 of the First Amended Complaint, except that Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation regarding her residence and, on that basis, denies such allegation, and admits that Plaintiff interned for Defendant in New York for a brief period of time in 2010.

13.     Defendant denies each and every allegation contained in Paragraph 13 of the First Amended Complaint.

14.     The allegations in Paragraph 14 of the First Amended Complaint are legal conclusions, and therefore no response is required.  To the extent a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 14.

15.      Defendant admits the allegations contained in Paragraph 15 of the First Amended Complaint.

16.     The allegations in Paragraph 16 of the First Amended Complaint are legal conclusions, and therefore no response is required.  To the extent a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 16.

17.     Defendant denies each and every allegation contained in Paragraph 17 of the First Amended Complaint.

18.     The allegations in Paragraph 18 of the First Amended Complaint are legal conclusions, and therefore no response is required.  To the extent a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 18.

## AS TO THE ALLEGATIONS UNDER THE HEADING "JURISDICTION AND VENUE"

19.     The allegations in Paragraph 19 of the First Amended Complaint are legal conclusions, and therefore no response is required.  To the extent a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 19.

20.     The allegations in Paragraph 20 of the First Amended Complaint are legal conclusions, and therefore no response is required.  To the extent a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 20.

21.     The allegations in Paragraph 21 of the First Amended Complaint are legal conclusions, and therefore no response is required.  To the extent a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 21.

22.     The allegations in Paragraph 22 of the First Amended Complaint are legal conclusions, and therefore no response is required.  To the extent a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 22.

23.     The allegations in Paragraph 23 of the First Amended Complaint are legal conclusions, and therefore no response is required.  To the extent a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 23.

## AS TO THE ALLEGATIONS UNDER THE HEADING "PLAINTIFF'S FACTUAL ALLEGATIONS"

24.     Defendant denies each and every allegation contained in Paragraph 24 of the First Amended Complaint, except admits that Plaintiff interned for Defendant in New York for a brief period of time in 2010.

25.      Defendant denies each and every allegation contained in Paragraph 25 of the First Amended Complaint, except admits that Plaintiff was closely supervised for Plaintiff's benefit during her brief internship by various members of Defendant's staff.

26.      Defendant denies each and every allegation contained in Paragraph 26 of the First Amended Complaint.

        a.   Defendant denies each and every allegation contained in Paragraph 26(a) of the First Amended Complaint.

        b.   Defendant denies each and every allegation contained in Paragraph 26(b) of the First Amended Complaint.

        c.   Defendant denies each and every allegation contained in Paragraph 26(c) of the First Amended Complaint.

        d.   Defendant denies each and every allegation contained in Paragraph 26(d) of the First Amended Complaint.

        e.   Defendant denies each and every allegation contained in Paragraph 26(e) of the First Amended Complaint.

        f.   Defendant denies each and every allegation contained in Paragraph 26(f) of the First Amended Complaint.

        g.   Defendant denies each and every allegation contained in Paragraph 26(g) of the First Amended Complaint.

27.      Defendant denies each and every allegation contained in Paragraph 27 of the First Amended Complaint.

28.      Defendant denies each and every allegation contained in Paragraph 28 of the First Amended Complaint.

29.      Defendant denies each and every allegation contained in Paragraph 29 of the First Amended Complaint and, to the extent Plaintiff purports to quote from an email, the document speaks for itself.

30.     Defendant denies each and every allegation contained in Paragraph 30 of the First Amended Complaint.

31.     Defendant denies each and every allegation contained in Paragraph 31 of the First Amended Complaint.

32.     Defendant denies each and every allegation contained in Paragraph 32 of the First Amended Complaint, except admits that Plaintiff interned on a part-time basis.

33.     Defendant denies each and every allegation contained in Paragraph 33 of the First Amended Complaint, except to the extent it seeks a legal conclusion, to which no response is required.   Further answering, Defendant denies knowledge or information concerning what Plaintiff "believes."

34.     Defendant denies each and every allegation contained in Paragraph 34 of the First Amended Complaint.

35.     Defendant denies each and every allegation contained in Paragraph 35 of the First Amended Complaint.

36.     Defendant denies each and every allegation contained in Paragraph 36 of the First Amended Complaint.

37.     Defendant denies each and every allegation contained in Paragraph 37 of the First Amended Complaint.

**AS TO THE ALLEGATIONS UNDER THE HEADING
"CLASS ACTION ALLEGATIONS"**

38.     The allegations in Paragraph 38 of the First Amended Complaint are a characterization of this action to which no response is required.   To the extent a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 38, except admits that Plaintiff purports to bring claims under the NYLL on behalf of herself and

others as stated in the First Amended Complaint.  Defendant specifically denies that this case properly may be so maintained.

39.     The allegations in Paragraph 39 of the First Amended Complaint are a characterization of this action to which no response is required.  To the extent a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 39, except admits that Plaintiff purports to exclude the listed categories of individuals from the proposed class.  Defendant specifically denies that this case properly may be maintained as a class action.

40.     The allegations in Paragraph 40 of the First Amended Complaint are a characterization of this action to which no response is required.  To the extent a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 40.

41.     The allegations in Paragraph 41 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 41.

42.     The allegations in Paragraph 42 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 42.

43.     The allegations in Paragraph 43 of the First Amended Complaint are legal conclusion to which no response is required.  To the extent a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 43.

44.     The allegations in Paragraph 44 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 44.

a.  The allegations in Paragraph 44(a) of the First Amended Complaint are legal conclusions to which no response is required.  To the extent a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 44(a).

b.  The allegations in Paragraph 44(b) of the First Amended Complaint are legal conclusions to which no response is required.  To the extent a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 44(b).

c.  The allegations in Paragraph 44(c) of the First Amended Complaint are legal conclusions to which no response is required.  To the extent a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 44(c).

d.  The allegations in Paragraph 44(d) of the First Amended Complaint are legal conclusions to which no response is required.  To the extent a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 44(d).

e.  The allegations in Paragraph 44(e) of the First Amended Complaint are legal conclusions to which no response is required.  To the extent a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 44(e).

f.  The allegations in Paragraph 44(f) of the First Amended Complaint are legal conclusions to which no response is required.  To the extent a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 44(f).

g.  The allegations in Paragraph 44(g) of the First Amended Complaint are legal conclusions to which no response is required.  To the extent a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 44(g).

45.     The allegations in Paragraph 45 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 45.

46.     The allegations in Paragraph 46 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 46.

47.     The allegations in Paragraph 47 of the First Amended Complaint are legal conclusions to which no response is required.  To the extent a response is deemed to be required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and, on that basis, denies such allegations.

### AS TO THE ALLEGATIONS UNDER THE HEADING
### "COLLECTIVE ACTION ALLEGATIONS"

48.     The allegations in Paragraph 48 of the First Amended Complaint are a characterization of this action to which no response is required.  To the extent a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 48, except admits that Plaintiff purports to bring claims under the FLSA on behalf of herself and others as stated in the First Amended Complaint.  Defendant specifically denies that this case properly may be so maintained.

49.     Defendant denies each and every allegation contained in Paragraph 49 of the First Amended Complaint, except to the extent it seeks a legal conclusion, to which no response is required.

### AS TO THE ALLEGATIONS UNDER THE HEADING
### "CLASS-WIDE FACTUAL ALLEGATIONS"

50.     Defendant denies each and every allegation contained in Paragraph 50 of the First Amended Complaint.

51.      Defendant denies each and every allegation contained in Paragraph 51 of the First Amended Complaint.

52.     Defendant denies each and every allegation contained in Paragraph 52 of the First Amended Complaint.

53.     Defendant denies each and every allegation contained in Paragraph 53 of the First Amended Complaint.

54.     Defendant denies each and every allegation contained in Paragraph 54 of the First Amended Complaint.

55.     Defendant denies each and every allegation contained in Paragraph 55 of the First Amended Complaint.

56.     Defendant denies each and every allegation contained in Paragraph 56 of the First Amended Complaint.

57.     Defendant denies each and every allegation contained in Paragraph 57 of the First Amended Complaint.

58.     Defendant denies each and every allegation contained in Paragraph 58 of the First Amended Complaint.

59.     Defendant denies each and every allegation contained in Paragraph 59 of the First Amended Complaint.

60.     Defendant denies each and every allegation contained in Paragraph 60 of the First Amended Complaint.

61.     Defendant denies each and every allegation contained in Paragraph 61 of the First Amended Complaint.

62.     Defendant denies each and every allegation contained in Paragraph 62 of the First Amended Complaint.

63.     Defendant denies each and every allegation contained in Paragraph 63 of the First Amended Complaint.

**AS TO THE ALLEGATIONS UNDER THE HEADING
"FIRST CAUSE OF ACTION"**

64.     In response to Paragraph 64 of the First Amended Complaint, Defendant repeats and incorporates by reference its responses to the prior paragraphs of the First Amended Complaint as if fully set forth herein.

65.     Defendant denies each and every allegation contained in Paragraph 65 of the First Amended Complaint.

66.     Defendant denies each and every allegation contained in Paragraph 66 of the First Amended Complaint.

67.     Defendant denies each and every allegation contained in Paragraph 67 of the First Amended Complaint.

68.     Defendant denies each and every allegation contained in Paragraph 68 of the First Amended Complaint.

69.     Defendant denies each and every allegation contained in Paragraph 69 of the First Amended Complaint.

70.     Defendant denies each and every allegation contained in Paragraph 70 of the First Amended Complaint.

71.     Defendant denies each and every allegation contained in Paragraph 71 of the First Amended Complaint.

72.     Defendant denies each and every allegation contained in Paragraph 72 of the First Amended Complaint.

73.     Defendant denies each and every allegation contained in Paragraph 73 of the First Amended Complaint.

74.     Defendant denies each and every allegation contained in Paragraph 74 of the First Amended Complaint.

75.     Defendant denies each and every allegation contained in Paragraph 75 of the First Amended Complaint.

76.     Defendant denies each and every allegation contained in Paragraph 76 of the First Amended Complaint.

77.     Defendant denies each and every allegation contained in Paragraph 77 of the First Amended Complaint.

**AS TO THE ALLEGATIONS UNDER THE HEADING
"SECOND CAUSE OF ACTION"**

78.     In response to Paragraph 78 of the First Amended Complaint, Defendant repeats and incorporates by reference its responses to the prior paragraphs of the First Amended Complaint as if fully set forth herein.

79.     Defendant denies each and every allegation contained in Paragraph 79 of the First Amended Complaint.

80.     Defendant denies each and every allegation contained in Paragraph 80 of the First Amended Complaint.

81.     Defendant denies each and every allegation contained in Paragraph 81 of the First Amended Complaint.

82.     Defendant denies each and every allegation contained in Paragraph 82 of the First Amended Complaint.

83.     Defendant denies each and every allegation contained in Paragraph 83 of the First Amended Complaint.

84.     Defendant denies each and every allegation contained in Paragraph 84 of the First Amended Complaint.

85.     Defendant denies each and every allegation contained in Paragraph 85 of the First Amended Complaint.

86.     Defendant denies each and every allegation contained in Paragraph 86 of the First Amended Complaint.

87.     The allegations in Paragraph 87 of the First Amended Complaint are legal conclusions, to which no response is required.  To the extent a response is deemed to be required, Defendant denies each and every allegation contained in Paragraph 87.

## AS TO THE ALLEGATIONS UNDER THE HEADING "THIRD CAUSE OF ACTION"

88.     In response to Paragraph 88 of the First Amended Complaint, Defendant repeats and incorporates by reference its responses to the prior paragraphs of the First Amended Complaint as if fully set forth herein.

89.     Defendant denies each and every allegation contained in Paragraph 89 of the First Amended Complaint.

90.     Defendant denies each and every allegation contained in Paragraph 90 of the First Amended Complaint.

91.     Defendant denies each and every allegation contained in Paragraph 91 of the First Amended Complaint.

92.     Defendant denies each and every allegation contained in Paragraph 92 of the First Amended Complaint, except to the extent it seeks a legal conclusion, to which no response is required.

93.     Defendant denies each and every allegation contained in Paragraph 93 of the First Amended Complaint.

94.     Defendant denies each and every allegation contained in Paragraph 94 of the First Amended Complaint.

95.     Defendant denies each and every allegation contained in Paragraph 95 of the First Amended Complaint.

96.     Defendant denies each and every allegation contained in Paragraph 96 of the First Amended Complaint.

97.     Defendant denies each and every allegation contained in Paragraph 97 of the First Amended Complaint.

98.     Defendant denies each and every allegation contained in Paragraph 98 of the First Amended Complaint.

**AS TO THE ALLEGATIONS UNDER THE HEADING**
**"FOURTH CAUSE OF ACTION"**

99.     In response to Paragraph 99 of the First Amended Complaint, Defendant repeats and incorporates by reference its responses to the prior paragraphs of the First Amended Complaint as if fully set forth herein.

100.    Defendant denies each and every allegation contained in Paragraph 100 of the First Amended Complaint, except to the extent it requires a legal conclusion, to which no response is required.

101.    Defendant denies each and every allegation contained in Paragraph 101 of the First Amended Complaint.

102.    Defendant denies each and every allegation contained in Paragraph 102 of the First Amended Complaint.

103.    Defendant denies each and every allegation contained in Paragraph 103 of the First Amended Complaint.

104.    Defendant denies each and every allegation contained in Paragraph 104 of the First Amended Complaint.

105.    Defendant denies each and every allegation contained in Paragraph 105 of the First Amended Complaint.

## AS TO THE ALLEGATIONS UNDER THE HEADING "FIFTH CAUSE OF ACTION"

106.    In response to Paragraph 106 of the First Amended Complaint, Defendant repeats and incorporates by reference its responses to the prior paragraphs of the First Amended Complaint as if fully set forth herein.

107.    Defendant denies each and every allegation contained in Paragraph 107 of the First Amended Complaint.

108.    Defendant denies each and every allegation contained in Paragraph 108 of the First Amended Complaint.

109.    Defendant denies each and every allegation contained in Paragraph 109 of the First Amended Complaint.

110.    Defendant denies each and every allegation contained in Paragraph 110 of the First Amended Complaint.

## GENERAL DENIAL

Except as expressly admitted or otherwise responded to above, Defendant denies each and every allegation contained in the numbered paragraphs of the First Amended Complaint not specifically admitted herein.  As to the Prayer for Relief, Defendant denies any liability, in any form or amount, to Plaintiff and/or any classes, subclasses, or collective as certified by the Court.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses to Plaintiff's claims:

### First Affirmative Defense

The First Amended Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff fails to state a claim for unpaid overtime wages under the FLSA or the NYLL because Plaintiff fails sufficiently to allege 40 hours of work in a given workweek, as well as some uncompensated time in excess of the 40 hours.

### Third Affirmative Defense

Plaintiff fails to state a claim for unpaid "Spread of Hours" pay under the NYLL because Plaintiff has failed to allege that her "spread of hours" on any given day exceeded 10 hours.

### Fourth Affirmative Defense

Plaintiff's and putative collective and/or class action members' claims under NYLL § 195(1)(a) and NYLL § 195(3) are barred to the extent such claims are based on acts or omissions that occurred prior to April 9, 2011.

### Fifth Affirmative Defense

Plaintiff's and putative collective and/or class action members' claims are barred because those individuals are not "employees' within the meaning of the FLSA or the NYLL.

### Sixth Affirmative Defense

The Court lacks subject matter jurisdiction over the claims of any putative collective action member who fails to satisfy the requirements of 29 U.S.C. § 216(b).

## Seventh Affirmative Defense

Plaintiff's and putative collective and/or class action members' claims for liquidated damages are barred because Defendant acted in good faith, non-willfully, and with reasonable grounds for believing that its conduct was lawful.  The actions taken or omitted by Defendant were also in good faith conformity with administrative regulations and/or guidance and/or interpretations issued by the U.S. Department of Labor and the New York State Department of Labor.

## Eighth Affirmative Defense

Plaintiff's and the putative collective and/or class action members' claims are barred to the extent not filed within the applicable statute of limitations, including under 29 U.S.C. § 255(a) and N.Y. Labor Law § 663(3).

## Ninth Affirmative Defense

Plaintiff's and putative collective and/or class action members' claims for damages beyond the two-year statute of limitations under the FLSA are barred in that Defendant did not act willfully with regard to the classification of Plaintiff and putative collective and/or class action members as interns rather than employees.

## Tenth Affirmative Defense

Plaintiff's and putative collective and/or class action members' claims are barred by the equitable doctrines of unclean hands, unjust enrichment, laches, and/or estoppel.

## Eleventh Affirmative Defense

Plaintiff's and putative collective and/or class action members' claims are barred in whole or in part because they have not suffered any injury or damage as a result of any actions allegedly taken by Defendant.  To the extent Plaintiff and/or any putative collective and/or class

action member is found to have sustained damages, such damages were *de minimus*, which are not compensable under the FLSA and the NYLL.

## Twelfth Affirmative Defense

Plaintiff's and putative collective and/or class action members' monetary claims are barred in whole or in part by their failure to mitigate their damages.

## Thirteenth Affirmative Defense

Plaintiff's and putative collective and/or class action members' claims for injunctive and/or other equitable relief are barred because they have an adequate remedy at law and have suffered no irreparable harm due to any alleged conduct of Defendant.  Payment to Plaintiff and putative collective and/or class action members for any wages due (which Defendant expressly denies are due) would fully compensate them and make them whole, belying the propriety of any non-economic relief.

## Fourteenth Affirmative Defense

If this Court were to certify this action as a class action, any award of liquidated, multiple, or punitive damages would deny Defendant the due process of law.

## Fifteenth Affirmative Defense

To the extent Plaintiff and/or any putative collective and/or class action members suffered injury, which Defendant expressly denies, any such injury is the result of acts or omissions of Plaintiff or such putative collective and/or class action members, and not any act or omission of Defendant.

## Sixteenth Affirmative Defense

Plaintiff's claims are not appropriate for collective treatment pursuant to Section 216(b) of the FLSA or for class treatment pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### Seventeenth Affirmative Defense

There is no class of persons similarly situated to Plaintiff and, therefore, this action may not be maintained as a collective action pursuant to Section 216(b) of the FLSA.

### Eighteenth Affirmative Defense

Plaintiff's and putative collective and/or class action members' claims to minimum wage payments are barred by the provisions of 29 U.S.C. § 206(g) and 29 C.F.R. § 786.300.

### Nineteenth Affirmative Defense

Plaintiff's and putative collective and/or class action members' claims are barred in whole or in part because Plaintiff's and the putative collective and/or class action members' internships were similar to training which would be given in an educational environment, the internship experience was for the benefit of Plaintiff and the putative collective and/or class action members, Plaintiff and the putative collective and/or class action members did not displace Defendant's regular employees, and worked under close supervision of Defendant's existing staff, Defendant derived no immediate advantage from the activities of Plaintiff and the putative collective and/or class action members, and often Defendant's operations were actually impeded, Plaintiff and the putative collective and/or class action members were not necessarily entitled to a job at the conclusion of their internships and were free to take jobs elsewhere in the field, and Plaintiff and the putative collective and/or class action members and Defendant understood, and Plaintiff and the putative collective and/or class action members received written notification, that the Plaintiff and the putative collective and/or class action members were not entitled to wages for the time spent in the internship.

### Twentieth Affirmative Defense

Plaintiff's and putative collective and/or class action members' claims are barred in whole or in part because any clinical training performed during the internships was performed under the supervision and direction of people who are knowledgeable and experienced in the activity, Plaintiff and the putative collective and/or class action members did not receive employee benefits, the training provided during the internship was general, and qualified Plaintiff and the putative collective and/or class action members to work in any similar business, Defendant's screening process for its internship program was not the same as for employment, did not appear to be for that purpose, and only used criteria relevant for admission to an independent educational program, and any advertisements, postings, or solicitations for Defendant's internship program discussed education and training, rather than employment.

### Twenty-First Affirmative Defense

Plaintiff's and putative collective and/or class action members' claims are barred to the extent any such individual has executed or, in the future executes, a release of employment-related claims.

### Twenty-Second Affirmative Defense

Plaintiff and putative collective and/or class action members are barred by their ratification of and/or consent to the actions allegedly undertaken.

### Twenty-Third Affirmative Defense

Plaintiff's and putative collective and/or class action members' claims are barred in whole or in part because such claims have been waived, discharged, or abandoned.

### Twenty-Fourth Affirmative Defense

Defendant states that, assuming, *arguendo*, Plaintiff and/or putative collective and/or class action members are entitled to any overtime, any time spent in any preliminary and postliminary activities of Plaintiff and/or putative collective and/or class action members, uncompensated time for meal or rest periods, and for *de minimis* time worked must be excluded from compensable hours of work.

### Twenty-Fifth Affirmative Defense

Plaintiff's purported class action under the NYLL must be dismissed as inherently incompatible with her purported collective action under the FLSA, and because it is preempted by the FLSA and violates the Rules Enabling Act.

### Twenty-Sixth Affirmative Defense

This action cannot proceed as a class action pursuant to Federal Rule of Civil Procedure 23 or any similar state law because, among other reasons, there are no questions of law or fact common to the class, Plaintiff's claims, and/or Defendant's defenses to Plaintiff's claims, are not typical of the claims of the purported class and/or Defendant's defenses to those claims, Plaintiff will not fairly and adequately protect the interests of the purported class.

### Twenty-Seventh Affirmative Defenses

This action cannot proceed as a class action pursuant to Federal Rule of Civil Procedure 23 or any similar state law because, among other reasons, any question of law or fact common to the purported class does not predominate over the questions affecting only individual members of the proposed class, and a class action is not superior to other available methods for the fair and efficient adjudication of this controversy.

**<u>Twenty-Eighth Affirmative Defense</u>**

Plaintiff's counsel is inadequate to represent the putative class.

**<u>Reservation of Rights</u>**

Defendant expressly and specifically reserves the right to amend this answer to add, delete, and/or modify defenses based upon orders issued by any court, or based upon legal theories, facts and circumstances that may or will be divulged through discovery and/or further legal analysis of the parties' positions in this litigation.

**WHEREFORE**, Defendant prays as follows:

1. That the First Amended Complaint and each cause of action therein be dismissed with prejudice;

2. That the Court deny collective action status and class action status to Plaintiff;

3. That Plaintiff take nothing by way of the First Amended Complaint;

4. That Defendant be awarded costs of suit and attorney's fees herein; and

5. That the Court order such other and further relief for Defendant as the Court may deem just and proper.

Dated:   May 17, 2013

WEIL, GOTSHAL & MANGES LLP
GARY D. FRIEDMAN


By: _/s/  Gary D. Friedman_____
         Gary D. Friedman

*Attorneys for Defendant Elite Model Management Corporation*