# LAW OFFICES OF STEVEN L. WITTELS, P.C.
18 Half Mile Road
Armonk, New York 10504
P: (914) 319-9945
F: (914) 273-2563
slw@wittelslaw.com

May 22, 2013

**By Email**
Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, New York 10007

Re: *Davenport v. Elite Model Management Corporation*
Civ. No. 1:13-cv-01061-AJN

Dear Judge Nathan:

On May 10, 2013, in accordance with Rule 26(f) of the Federal Rules of Civil Procedure and Your Honor's Individual Rules of Practice, the parties held a teleconference in advance of the Court's initial pretrial conference scheduled for May 31, 2013 at 9:45 a.m.

The parties now submit this joint letter to set forth below the information requested by the Court's Notice of Initial Pretrial Conference, issued on March 7, 2013. (ECF No. 7).

*(1) A brief statement of the nature of the action and the principal defenses thereto*

Plaintiff's Position

Plaintiff, an unpaid intern who worked for Defendant Elite Model Management Corp. in New York City during the 2010 NYC Fall Fashion Week, brings this case as a class and collective action alleging that she and all other similarly situated interns are "employees" as that term is defined under the Fair Labor Standards Act (the "FLSA") and the New York Labor Law (the "NYLL"). Plaintiff alleges that by failing to pay her wages, properly record her hours, and reimburse her expenses, Defendant violated the FLSA's and NYLL's minimum wage, overtime, and recordkeeping requirements. Plaintiff also alleges that Defendant violated the NYLL's provisions for spread-of-hours pay. As a result of these alleged violations, Plaintiff seeks *inter alia* unpaid wages, overtime, spread-of-hours pay, and liquidated damages.

Plaintiff maintains that she and her fellow interns performed compensable work as alleged in the complaint. (*See e.g.*, ECF No. 14 ¶ 26).

Under the Supreme Court's precedent in *Walling v. Portland Terminal Co.*, 330 U.S. 148 (1947) and the Department of Labor Fact Sheet #71, Plaintiff believes that Elite misclassifies its

interns as exempt employees, when the Company should be paying them at least minimum wage and time-and-a-half for any overtime worked.

### Defendant's Position

Plaintiff Dajia Davenport seeks in her First Amended Complaint, dated April 26, 2013, to recover, for herself and other former interns of Defendant, alleged unpaid minimum wages and overtime under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., and alleged unpaid minimum wages, overtime, and "spread of hours" pay under Article 19 of the New York Labor law. Plaintiff's claims are based on her activities during the brief time she spent in August and September of 2010 as an intern for Defendant. Notwithstanding Defendant's brand name in the fashion industry, Defendant is a small business with fewer than 50 employees. The group of individuals who interned for Defendant in New York during the time periods relevant to this matter was similarly small, consisting, in total, of approximately 110 individuals.

As was common among the small group of individuals who interned for Defendant, Plaintiff was a student who interned on a limited, part-time basis over a period of just several weeks during and around the time of one of New York's bi-annual "Fashion Weeks." Defendant denies that Plaintiff was an "employee" under the Fair Labor Standards Act or the New York Labor Law, as they did not engage in any compensable work. Specifically, considering the totality of the circumstances, Plaintiff cannot establish that she was an "employee" under the standard established by the U.S. Supreme Court in *Walling v. Portland Terminal Co.*, 330 U.S. 148 (1947) or based upon the considerations identified by the U.S. Department of Labor or the New York Department of Labor with respect to whether interns qualify as "employees" under *Walling*. Moreover, to the extent Defendant's interns incurred any bona fide business expenses during their internships, Defendant reimbursed the interns for those amounts.

### *(2) A brief explanation of why jurisdiction and venue lie in this Court*

Plaintiff's position is that this Court has subject matter jurisdiction over Plaintiff's claims under the Fair Labor Standards Act pursuant to 28 U.S.C. §§ 1331, 1337 (federal question), and 29 U.S.C. § 216(b) (FLSA's private right of action). Plaintiff also contends that this Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1332 (Class Action Fairness Act). Plaintiff also contends that this Court also has supplemental jurisdiction over Plaintiff's state law claims because they are so closely related to Plaintiff's claims under the Fair Labor Standards Act that they form part of the same case or controversy under Article III of the Constitution.

Defendant disputes that diversity jurisdiction under the Class Action Fairness Act exists over Plaintiff's New York Labor Law claims because, among other reasons, the amount in controversy in this matter does not exceed $5,000,000 (and, in fact, is nowhere near $5,000,000), 28 U.S.C. 1332(d)(2), and does not concede that this case should proceed as a hybrid putative federal collective and state law class action.

Plaintiff's position is that venue is proper in this Court because Plaintiff resides in this District and worked at Defendant's headquarters, which are located in Manhattan.

Defendant acknowledges that it has an office in New York at which Plaintiff interned, but takes no position with respect to venue.

> *(3) A brief description of all outstanding motions and/or all outstanding requests to file motions*

Subject to the Court's approval of the dates set forth in the parties' proposed Civil Case Management Plan and Scheduling Order for Cases Involving FLSA Claims, submitted concurrently with this letter, Plaintiff intends to file her motion for conditional certification of the collective FLSA class on or before June 21, 2013. There are no outstanding motions or other requests to file motions.

> *(4) A brief description of any discovery that has already taken place and which will be necessary for the parties to engage in meaningful settlement negotiations*

The parties will serve their mandatory initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) within fourteen (14) days from the date the Court signs the Civil Case Management Plan and Scheduling Order for Cases Involving FLSA Claims ("CCMP"), which the parties believe may be useful in engaging in meaningful settlement discussions. The parties have also identified early dates for serving written discovery in the CCMP which they also believe may facilitate meaningful settlement discussions.

> *(5) A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any*

The parties have not engaged in settlement discussions.

> *(6) The estimated length of trial*

Plaintiff's preliminary estimate is that the length of trial will be approximately two weeks. Defendant's position is that this case should not proceed as a collective or class action, and that therefore any trial in this matter, if any, would involve individual plaintiffs only (and only with respect to the FLSA claims), and it is premature to estimate length of trial at this early stage in the case.

> *(7) Any other information that the parties believe may assist this Court in resolving the action*

Concerning item 4 in the CCMP, Plaintiff believes that the time to file amended pleadings should be enlarged to allow Plaintiff to consider adding additional plaintiffs from those interns who opt into the case after collective action notice is sent. Plaintiff therefore requests

Hon. Alison J. Nathan
May 22, 2013                                                                                                    Page 4 of 4

that the time to file amended pleadings should be set at 60 days from the close of the due date for collective members to file their consents to join this action.

Defendant, as a threshold matter, does not believe that this case should proceed on a collective basis, even conditionally, or a class basis. Moreover, Defendant believes that Plaintiff, who has already amended her complaint once in this case, should be given no more than 30 days from the date of the entry of the CCMP to amend her complaint and should not be permitted to use the collective action notice process to develop new claims or theories of recovery.

Thank you for the Court's consideration.

Respectfully submitted,

Steven L. Wittels

cc:

Gary Friedman
Daniel Venditti
Weil, Gotshal & Manges LLP
(Counsel for Defendant) (by email)

Richard Roth
The Roth Law Firm, PLLC
(Co-Counsel for Plaintiff)

Ira Meyerowitz
Meyerowitz Law Firm, PLLC
(Co-Counsel for Plaintiff)