USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_______
DATE FILED: MAY 3 1 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAJIA DAVENPORT, on behalf of herself and all others similarly situated.

Plaintiff,

v.

ELITE MODEL MANAGEMENT CORPORATION,

Defendant.

1:13-cv-01061 (AJN)

CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER FOR CASES INVOLVING FLSA CLAIMS

This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties do not consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c).

2. Settlement discussions have not taken place.

3. The parties have conferred pursuant to Fed. R. Civ. P. 26(f).

4. Amended pleadings may not be filed and additional parties may not be joined except with leave of Court.

~~Plaintiff's Proposal for timing of an amended pleading: Any motion to amend or to join additional parties shall be filed within sixty (60) days after the deadline set by the Court for Elite's former and current interns to file Consents to Join the collective action.~~

AJN Anticipated completed by June 14, 2013.

~~Defendant's Proposal for the timing of an amended pleading: For the reasons set forth in the parties' joint letter to the Court, submitted herewith, a~~ Any motion to amend or to join additional parties shall be filed within thirty (30) days from the date of this Order.

5. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than fourteen (14) days from the date of this Order.

6. Collective Action—Conditional Certification

a. The Plaintiff will move for conditional certification of this case as a FLSA collective action.

b. Plaintiff's motion to conditionally certify this case as an FLSA collective action shall be filed on or before June 24, 2013. Plaintiff's motion will contain a proposed notice, claim form, and publication order.

c. Defendant's response to Plaintiff's motion for conditional certification shall be filed on or before ~~August 2, 2013~~. JULY 22, 2013

d. Plaintiff's reply concerning their motion for conditional certification shall be filed on or before August ~~30,~~ 12, 2013.

7. Pre-Rule 23 Class Certification Discovery

a. All pre-Rule 23 class certification discovery, other than Requests to Admit, shall be completed by ~~February 28, 2014~~. NOV. 29, 2013

b. Initial requests for production of documents shall be served by June 30, 2013.

c. Interrogatories shall be served by June 30, 2013.

d. Depositions shall be completed by ~~February 28, 2014~~. NOV. 29, 2013

e. Requests to Admit shall be served by ~~March 10, 2014~~. NOV. 29, 2013

f. Any of the deadlines in paragraphs 7(b) through 7(e) may be extended by the written consent of all parties without application to the Court, provided that all pre-Rule 23 class certification discovery is completed by the date set forth in paragraph 7(a).

8. Rule 23 class action motion schedule

a. Plaintiffs' motion to certify a Rule 23 class shall be filed on or before ~~April 30, 2014~~. Dec. 27, 2013

b. Defendants' Response shall be filed on or before ~~May 30, 2014~~. JAN 27, 2014

c. Plaintiffs' Reply shall be filed on or before ~~June 30, 2014~~. Feb. 27, 2014

9. If a class action is certified, the parties will reconvene with the Court to address whether additional discovery, including expert discovery and related post-certification discovery, is required.

10. Schedules for expert discovery and post-discovery dispositive motions, if necessary, will be set at a later date.

11. All motions and applications shall be governed by the Court's Individual Practices.

12. All counsel must meet in person for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

13. Alternative dispute resolution/settlement

a. Counsel for the parties have discussed an informal exchange of information in aid of early settlement of this case and have agreed upon the following: The parties will serve their Initial Disclosures within 14 days of the Court's issuance of the CCMP and have identified early dates for the service of written discovery.

b. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator.

Counsel for the parties propose the following alternate dispute resolution mechanism for this case: During their Rule 26(f) meeting, the parties discussed the prospect of early settlement but have not yet decided on either the timing or the mechanism for such discussions.

c. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 10(b) be employed at the following point in the case (e. g., within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery): To be further discussed among counsel for the parties.

d. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

14. Unless otherwise ordered by the Court, within thirty (30) days of the close of all discovery, or, if a dispositive motion has been filed, within thirty (30) days of a decision on such motion, the parties shall submit to the Court for its approval a Joint Final Pretrial Order prepared in accordance with the Court's Individual Practices and Fed. R. Civ. P. 26(a)(3). Any motions *in limine* shall be filed on or before the date on which the Final Pretrial Order is due. If this action is to be tried before a jury, proposed *voir dire*, jury instructions, and verdict form shall also be filed on or before the Final Pretrial Order due date. Counsel are required to meet and confer on a joint submission of proposed jury instructions, verdict form, and *voir dire* questions, noting any points of disagreement in the joint submission. Jury instructions may not be submitted after the Final Pretrial Order due date, unless they meet the standard of Fed. R. Civ. P. 51(a)(2)(A). If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted on or before the Final Pretrial Order due date.

15. At the close of discovery or, if a party has filed a dispositive motion, then within 30 days of a decision resolving the motion, the court will set a trial date. Counsel must notify the Court and all other counsel in writing of any potential scheduling conflicts- including, but not limited to, trials and vacations - that would prevent a trial at a particular time. Such notice must come before the Court notifies counsel of an actual trial date, not after counsel receives notification thereof. Counsel should also notify the Court and all other counsel in writing, at the earliest possible time, of any scheduling problems involving out-of-town witnesses or other exigencies.

16. This case is to be tried to a jury.

17. Counsel for the parties have conferred and their present best estimate of the length of trial is: Plaintiff's initial estimate is that the length of trial will be two weeks. Defendant's position is that this case should not proceed as a collective or class action, and that therefore any trial in this matter, if any, would involve individual plaintiffs only (and only with respect to the FLSA claims), and it is premature to estimate length of trial at this early stage in the case.

18. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.

19. The parties agree that they will meet and confer regarding the negotiation of a mutually agreeable confidentiality agreement and protective order governing discovery in this matter, and with respect to issues regarding the production of electronically stored information.

20. The next Case Management Conference is scheduled for Dec 6, 2013 at 9:30 Am.

Counsel for the Parties:

Law Offices of Steven L. Wittels, P.C.
Steven L. Wittels
J. Burkett McInturff
18 Half Mile Road
Armonk, New York 10504
(914) 319-9945
slw@wittelslaw.com
jbm@wittelslaw.com

The Roth Law Firm, PLLC
Richard Roth
295 Madison Avenue, 22nd Floor
New York, New York 10017
(212) 542-8882
rich@rrothlaw.com

Meyerowitz Law Firm PLLC
Ira Meyerowitz
1441 Broadway, 5th Floor
New York, New York 10018
(212) 686-7006
irameyerowitz@aol.com

Attorneys for Plaintiff

Gary D. Friedman
Weil, Gotshal & Manges
767 Fifth Avenue
New York, New York 10153-0119
(212) 310-8000
gary.friedman@weil.com

Attorneys for Defendant

This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except provided in paragraph 7(f)) shall be made in a written application in accordance with Court's individual Practices and shall be made no less than two (2) business days prior to the expiration the date sought to be extended.

SO ORDERED.

JUDGE ALISON J. NATHAN
United States District Judge

Dated: May 31, 2013
New York, New York