# Weil, Gotshal & Manges LLP

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

Gary D. Friedman
1-212-310-8963
gary.friedman@weil.com

BY EMAIL (NathanNYSDChambers@nysd.uscourts.gov)

July 17, 2013

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 906
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUL 1 9 2013
```

Re: <u>Davenport v. Elite Model Management Corporation</u>, 13-cv-1061 (AJN)

Dear Judge Nathan:

We represent Defendant Elite Model Management Corporation ("Defendant") in the above-referenced matter. We are writing on behalf of both parties to respectfully request a modification of the Civil Case Management Plan entered in this case on May 31, 2013 (ECF No. 21) ("CCMP"). The parties are making this request in order to engage in meaningful settlement discussions before incurring the substantial costs of additional briefing and discovery, and to avoid burdening the Court with further motion practice. To that end, the parties request that the Court extend all deadlines in the CCMP by 120 days. Pursuant to Rule 1(E) of Your Honor's Individual Practices in Civil Cases ("Individual Rules"), a proposed Revised Civil Case Management Plan is submitted with this letter.

Good cause exists for this request. Absent the 120-day period to try to settle the case, Defendant would oppose Plaintiffs' motion for conditional certification of this case as an FLSA collective action, and the Court would be required to rule on that motion after it has been fully submitted on August 12, 2013. Defendant's opposition to conditional certification is currently due on July 22, 2013.[1]

---

[1] Separate and apart from the parties' request for a 120-day period in which to try to settle the case, Defendant's counsel requested that Plaintiffs' counsel consent to a several week extension of Defendant's time to oppose conditional certification. Defendant's counsel made this request due to an unforeseeable event involving the premature birth of a child of one of the two attorneys from Defendant's counsel's law firm working on this case. Plaintiffs' counsel consented to the adjournment of the date for submission of Defendant's opposition.

US_ACTIVE:\44293878\8\78222.0019

**Weil, Gotshal & Manges LLP**

Hon. Alison Nathan
July 17, 2013
Page 2

Moreover, absent a stay, Defendant intends to file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction in light of the July 8, 2013 expiration of offers of judgment made pursuant to Fed. R. Civ. P. 68 to each of the four Plaintiffs. Defendant's position is that those offers of judgment have mooted the action under *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013) and Second Circuit law. Plaintiffs have stated that they would oppose any such motion, and maintain that *Genesis* is limited to narrow facts not present here.

Given the confluence of these events, the parties have agreed that their resources would be better spent on making a serious effort to attempt to reach a settlement, rather than further briefing Plaintiffs' motion for conditional certification, briefing Defendant's motion to dismiss, arguing those motions, and engaging in discovery, all of which would be made unnecessary should the parties' discussions succeed in resolving the matter. The parties intend to enter into mediation through a private mediator and will engage in a limited exchange of documents and data solely to facilitate the mediation process. Defendant would also agree, without waiving any of its rights and subject to its objections, that if the Court grants the parties' joint application herein the FLSA statute of limitations would be tolled from the date the Court grants the application through the 120-day period. Absent the Court's granting of the instant application, Defendant objects to any tolling of the FLSA statute. Accordingly, pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure and Individual Rule 1(E), the parties respectfully request that the Court modify the CCMP as set forth below and in the proposed Revised CCMP attached hereto.

The following disclosures are made pursuant to Individual Rule 1(E) applicable to requests for adjournments and extensions of time:

(1) Pursuant to the CCMP, the following dates are impacted by this request:

  a. Defendant's response to Plaintiff's motion for conditional certification, as set forth in paragraph 6(c) of the CCMP, is currently due on July 22, 2013. The parties request an extension of this deadline to November 19, 2013.

  b. Plaintiff's reply concerning her motion for conditional certification, as set forth in paragraph 6(d) of the CCMP, is currently due on August 12, 2013. The parties request an extension of this deadline to December 10, 2013.

  c. The deadline to complete all pre-Rule 23 class certification discovery, as set forth in paragraph 7(a) of the CCMP, is currently set for November 29, 2013. The parties request an extension of this deadline to March 28, 2014.

**Weil, Gotshal & Manges LLP**

Hon. Alison Nathan
July 17, 2013
Page 3

    d. <u>The deadline to complete depositions</u>, as set forth in paragraph 7(d) of the CCMP, is currently set for November 29, 2013. The parties request an extension of this deadline to March 28, 2014.

    e. <u>The deadline to serve Requests to Admit</u>, as set forth in paragraph 7(e) of the CCMP, is currently set for November 29, 2013. The parties request an extension of this deadline to March 28, 2014.

    f. <u>Plaintiff's motion to certify a Rule 23 class</u>, as set forth in paragraph 8(a) of the CCMP, is currently due on December 27, 2013. The parties request an extension of this deadline to April 25, 2014.

    g. <u>Defendant's response to Plaintiff's motion to certify a Rule 23 class</u>, as set forth in paragraph 8(b) of the CCMP, is currently due on January 27, 2014. The parties request an extension of this deadline to May 30, 2014.

    h. <u>Plaintiff's reply concerning her motion to certify a Rule 23 class</u>, as set forth in paragraph 8(c) of the CCMP, is currently due on February 27, 2014. The parties request an extension of this deadline to June 27, 2014.

    i. <u>The next Case Management Conference</u>, as set forth in paragraph 20 of the CCMP, is currently set for Friday, December 6, 2013 at 9:30 A.M. The parties request that the Court keep this date so that they can report to the Court in person with the status of their mediation efforts at the time.

(2) No prior request for an extension of these deadlines was made by the parties.

(3) Not applicable.

(4) All parties consent to and jointly request entry of the proposed Revised CCMP.

If the Court is amenable to this request, the parties respectfully request that the Court enter the proposed Revised CCMP and endorse this letter.

**Weil, Gotshal & Manges LLP**

Hon. Alison Nathan
July 17, 2013
Page 4

We thank the Court for its consideration of the parties' request.

Respectfully submitted,

/s/ Gary D. Friedman

Gary D. Friedman

cc: Steven L. Wittels, Esq., Law Office of Steven L. Wittels, P.C. (slw@wittelslaw.com)
J. Burkett McInturff, Esq., Law Office of Steven L. Wittels, P.C. (jbm@wittelslaw.com)
Richard Roth, Esq., The Roth Law Firm, (rich@rrothlaw.com)
Ira Meyerowitz, Esq., Meyerowitz Law Firm PLLC (irameyerowtiz@aol.com)

> Although the Court firmly believes that settlement discussions should take place in tandem with discovery obligations, in light of the parties' assertions, and to allow time for the parties to engage in meaningful settlement discussions, the Court GRANTS the parties request, in part, and ORDERS that the pending motion to certify FLSA collective action, (Dkt. No. 23), is administratively denied with leave to re-file sixty days from the date of this order. All other deadlines will be extended accordingly. SO ORDERED.

SO ORDERED:

/s/ Alison J. Nathan    7/19/2013

HON. ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE