# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___JAN 0 9 2014

DAJIA DAVENPORT, on behalf of herself
and all others similarly situated,

                                   Plaintiff

v.                                                          1:13-cv-01061-AJN

ELITE MODEL MANAGEMENT
CORPORATION,

                                   Defendant

AJN

**[PROPOSED] ORDER GRANTING PLAINTIFFS'
MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT,
PROVISIONAL CERTIFICATION OF THE SETTLEMENT CLASSES,
APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL, AND
APPROVAL OF PLAINTIFFS' PROPOSED NOTICES OF SETTLEMENT**

The above-entitled matter came before the Court on Plaintiffs' Motion for Preliminary

Approval of Class Settlement, Provisional Certification of the Settlement Classes, Appointment

of Plaintiffs' Counsel as Class Counsel, and Approval of Plaintiffs' Proposed Notices of

Settlement ("Motion for Preliminary Approval"). Pursuant to the terms of the parties' settlement

agreement, Defendant did not oppose the motion.

## I.    Preliminary Approval of Settlement

1.    Based upon the Court's review of the Plaintiffs' Memorandum of Law in Support

of their Motion for Preliminary Approval, the Declaration of Steven L. Wittels ("Wittels

Declaration"), all other papers submitted in connection with Plaintiffs' Motion for Preliminary

Approval, and the relevant legal standards, the Court grants preliminary approval of the

settlement memorialized in the Class Action Settlement Agreement and Release ("Settlement Agreement") made by and among Plaintiff Dajia Davenport, Opt-In Plaintiffs Annie Byun, Stacey Robinson, Polina Mosendz, and Elizabeth Defeo ("Plaintiffs") and Defendant Elite Model Management Corporation ("Elite" or "Defendant") attached to the Wittels Declaration as Exhibit A, and "so orders" all of its terms.

2.     The law favors compromise and settlement of class actions. *See Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396, F.3d 96, 112 (2d Cir. 2005) (noting the "strong judicial policy in favor of settlements, particularly in the class action context") (internal quotation marks and citation omitted); *see also Hernandez v. Merrill Lynch & Co., Inc.*, No. 11 Civ. 8472, 2012 WL 5862749, at * 2 (S.D.N.Y. Nov. 15, 2012), (endorsing early settlement of wage and hour class action); *Castagna v. Madison Square Garden, L.P.*, No. 09 Civ. 10211, 2011 WL 2208614, at *10 (S.D.N.Y. Jun. 7, 2011) (commending Plaintiffs' attorneys for negotiating early settlement).

3.     The approval of a proposed class action settlement is a matter of discretion for the trial court. *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. ~~1998~~ 1995). "In exercising this discretion, courts should give proper deference to the private consensual decision of the parties." *Clark v. Ecolab, Inc.*, No. 07 Civ. 8624, 2009 WL 6615729, at *3 (S.D.N.Y. Nov. 27, 2009) (internal quotation marks omitted). "In evaluating the settlement, the Court should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation . . . ." *Id.* (internal quotation marks omitted); *see also In re EVCI Career Colls. Holding Corp. Sec. Litig.*, No. 05 Civ. 10240, 2007 WL 2230177, at *4 (S.D.N.Y. July 27, 2007) ("Absent fraud or collusion, the court should be hesitant to substitute its judgment for that of the parties who negotiated the settlement."). Indeed, "[a] presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length

negotiations between experienced, capable counsel after meaningful discovery." *Wal-Mart Stores*, 396 F.3d at 116 (internal quotation marks omitted); *Wright v. Stern*, 553 F. Supp. 2d 337, 343 (S.D.N.Y. 2008) (same). The force of this presumption is increased when a settlement is reached with the assistance of an experienced mediator. *Sukhnandan*, 2013 WL 4734818, at *2 (collecting cases).

4.      Preliminary approval, which is what Plaintiffs seek here, is the first step in the settlement process. It simply allows notice to issue to the members of the class ("Class Members") to object to or opt-out of the settlement. After the notice period, the Court will be able to evaluate the settlement with the benefit of the Class Members' input.

5.      Preliminary approval also requires only the Court's "initial evaluation" of the fairness of the proposed settlement on the basis of written submissions and an informal presentation by the settling parties. *Clark*, 2009 WL 6615729, at *3 (citing Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* ("*Newberg*"), §§11.25 (4th ed. 2002)). In fact, "[c]ourts often grant preliminary settlement approval without requiring a hearing or a court appearance." *Sukhnandan v. Royal Health Care of Long Island LLC*, No. 12 Civ. 4216, 2013 WL 4734818, at *1 (S.D.N.Y. Sept. 3, 2013). To grant preliminary approval, the Court need only find that there is "'probable cause' to submit the [settlement] to class members and hold a full-scale hearing as to its fairness." *In re Traffic Exec. Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980); *Newberg* § 11.25 (noting that "[i]f the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness . . . and appears to fall within the range of possible approval," the court should permit notice of the settlement to be sent to class members) (quoting *Manual for Complex Litigation* (3d ed.) § 30.41).

6.      The Court has balanced a number of factors relevant to the claims asserted in the action, including the strength of the allegations set forth in Plaintiffs' complaint; the risk, expense, complexity, and likely duration of further litigation; the potential merits of Defendant's case; the risk of maintaining class action status throughout the trial; the amount offered in the settlement; the extent of discovery completed and the state of the proceedings; and the experience and views of counsel. The Court concludes that the proposed Settlement Agreement is fundamentally fair, adequate, and within the range of possible final settlement approval, such that notice to the class is appropriate. *In re Traffic Exec. Ass'n*, 627 F.2d at 634.

7.      The Court also finds that the Settlement Agreement is the result of extensive, arm's- length negotiations by counsel experienced in the prosecution of wage and hour class and collective actions. An experienced class action employment mediator, Alfred Feliu, Esq. of the firm of Vandenberg & Feliu, LLP., assisted the parties with the settlement negotiations and presided over a full-day mediation. This reinforces the non-collusive nature of the settlement. *Sukhnandan*, 2013 WL 4734818, at *2 (collecting cases).

## II.     Conditional Certification of the Proposed "NYLL Class" Pursuant to Rule 23 for Settlement Purposes Only

8.      Provisional settlement class certification and appointment of class counsel have several practical purposes: "avoiding the costs of litigating class status while facilitating a global settlement, ensuring notification of all class members of the terms of the proposed Settlement Agreement, and setting the date and time of the final approval hearing." *Sukhnandan*, 2013 WL 4734818, at *2.

9.      For settlement purposes only, the Court provisionally certifies the following class under Federal Rule of Civil Procedure 23(e):

All individuals who served as unpaid interns for Elite Model Management
Corporation or any subsidiary of Elite in New York from February 15, 2007
to the date of preliminary approval of the settlement.

10.     Plaintiffs meet all of the requirements for class certification under Federal Rule
of Civil Procedure 23(a) and (b)(3).

11.     Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(1) because there are
approximately 123 Class Members, Wittels Decl. ¶ 39. *See Consol. Rail Corp. v. Town of Hyde
Park*, 47 F.3d 473, 483 (2d Cir. 1995) ("[N]umerosity is presumed at a level of 40 members.").
In addition, "sheer size alone is not the only factor to consider when analyzing numerosity. . .
and a finding of numerosity is supported where, as here, the potential class members are of
limited financial means, or may fear retaliation by their employer." *Spencer v. No Parking
Today, Inc.*, 12 Civ. 6323, 2013 WL 1040052, at *13 (S.D.N.Y. Mar. 15, 2013) (collecting
cases).

12.     Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(2) because Plaintiffs and
the Class Members share common issues of fact and law, including whether Defendant
misclassified them as exempt "trainees" and failed to pay them minimum wage and overtime in
violation of state and federal wage and hour laws, and failed to keep accurate records of time
worked. *See Sukhnandan*, 2013 WL 4734818, at *3 (citing *Morris v. Affinity Health Plan, Inc.*,
859 F. Supp. 2d 611, 615-16 (S.D.N.Y.2012) (commonality satisfied where plaintiffs claimed
that defendant had policy of not paying all class members overtime pay) and *Clark v. Ecolab
Inc.*, No. 07 Civ. 8623, 2010 WL 1948198, at *3 (S.D.N.Y. May 11, 2010) (common issues
include "whether [Defendant] failed to pay Plaintiffs and the state settlement Class Members
overtime premium pay for all hours they worked over 40 in a workweek; and. . . whether
[Defendant] maintained accurate time records of the hours Plaintiffs and the state settlement
Class Members worked")).

13.     Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(3) because Plaintiffs'
claims for pay arise from the same factual and legal circumstances that form the bases of the
Class Members' claims. *See Spencer*, 2013 WL 1040052, at *18 (typicality met where the
"named plaintiffs and the prospective class were subject to the same general employment
scheme, and their claims are all based on the same course of events and legal theory. Even if
some class members' facts are somewhat different than the named plaintiffs the claims are
similar enough to meet the typicality element.") (internal alterations, quotation marks, and
citation omitted); *see also Hernandez*, 2012 WL 5862749, at *3 (typicality satisfied where
"[p]laintiffs' claims for overtime pay arise from the same factual and legal circumstances that
form the bases of the Class Members' claims."); *Sukhnandan*, 2013 WL 4734818, at *3 (same).

14.     Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(4) because Plaintiffs'
interests are not antagonistic or at odds with Class Members' interests. *See Capsolas v. Pasta
Res. Inc.,* No. 10 Civ. 5595, 2012 WL 1656920, at *2 (S.D.N.Y. May 9, 2012) (adequacy met
where there was no evidence that named plaintiffs' and class members' interests were at odds).
Plaintiffs' Counsel also meet the adequacy requirement of Rule 23(a)(4) because Wittels Law
attorneys have acted as Lead Counsel in dozens of class actions, and because Wittels Law has
achieved a commendable result given the complexities of this litigation.

15.     Plaintiffs also satisfy Federal Rule of Civil Procedure 23(b)(3). Class Members'
common factual allegations and common legal theory – that Elite violated state and federal wage
and hour laws by misclassifying them as exempt trainees – predominates over any factual or
legal variations among Class Members. *Sewell v. Bovis Lend Lease, Inc.*, 09 Civ. 6548, 2012
WL 1320124, at *5 (S.D.N.Y. Apr. 16, 2012) ("A common nexus of fact or law, particularly in
FLSA cases, can include the fact that all plaintiffs were subject to the same company-wide policy

that violated federal labor laws."); *see also Clark*, 2009 WL 6615729, at *5 (finding common factual allegations and common legal theory to predominate over factual and legal variations among class members in wage and hour misclassification case); *Torres v. Gristede's Corp.*, No. 04 Civ. 3316, 2006 WL 2819730, at *16 (S.D.N.Y. Sept. 29, 2006) (plaintiffs "introduced sufficient proof that Defendants engaged in a common practice to deny employees overtime pay," and "this issue predominates over any individual calculations of overtime wages").

III.   **Conditional Certification of the Proposed "FLSA Class" Pursuant to 29 U.S.C. § 216(b) for Settlement Purposes Only**

16.     The Court also provisionally certifies the following proposed FLSA Class under 29 U.S.C. § 216(b), solely for the purposes of settlement, and with no other effect in this litigation, for purposes of the FLSA:

> All individuals, other than members of the NYLL Class, who served as unpaid interns for Elite or any subsidiary of Elite in the United States between February 15, 2010 and the date of preliminary approval of the settlement.

17.     Section 216(b) of the FLSA provides that plaintiffs must be "similarly situated" in order to pursue an FLSA collective action. *See* 29 U.S.C. § 216(b).

18.     The Court finds that Plaintiffs are "similarly situated" to the Class Members for purposes of the settlement of the FLSA claims.

19.     The Court also finds that this settlement is the compromise of a disputed claim under the FLSA. Elite disputes Plaintiffs' entitlement to the amounts to be paid by Elite absent this Agreement. Specifically, and without limitation, the parties differ as to whether Elite's unpaid interns are entitled to compensation under the FLSA, and the number of hours Elite's interns spent interning for Elite.

20.     For the reasons set forth above (in the discussion regarding the propriety of certifying a class under Fed. R. Civ. P. 23), the Court has ample basis to certify the FLSA Class under the FLSA for purposes of this settlement.

**IV.     Appointment of Plaintiffs' Counsel as Class Counsel**

21.     For settlement purposes only, the Court appoints Wittels Law, P.C. as Class Counsel because it meets all of the requirements of Federal Rule of Civil Procedure 23(g). "In appointing class counsel, the Court *must* consider the following: (1) the work counsel has done in identifying or investigating potential claims in the action, (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, (3) counsel's knowledge of the applicable law, and (4) the resources counsel will commit to representing the class." *See Spencer*, 2013 WL 1040052, at *23 (quoting *In re NTL, Inc. Sec. Litig.*, 02 Civ. 3013, 2006 WL 330113, at *11 n. 18 (S.D.N.Y. Feb.14, 2006)).

22.     Wittels Law has extensive experience prosecuting and settling nationwide wage and hour class and collective actions and is well-versed in wage and hour and class action law. Further, the work that Plaintiffs' Counsel has performed both in litigating and settling this case demonstrates their skill and commitment to representing the class's interests.

**V.     Notices**

23.     The Court approves, with edits noted, as to form and content, the Notices of Proposed Class Action Settlement and Final Approval Hearing, attached as Exhibits B and C to the Declaration of Steven L. Wittels, (collectively, the "Notices"). AGN

24.     The content of the Notice to be sent to members of the NYLL Class fully complies with due process and Federal Rule of Civil Procedure 23.

25.     Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), a notice must provide:

8

the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

26.     The Notice to be sent to members of the NYLL Class satisfies each of these requirements and adequately puts Class Members on notice of the proposed settlement. *See, e.g. In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (class notice "need only describe the terms of the settlement generally"). The Notice to be sent to members of the NYLL Class is appropriate because it describes, in plain language, the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members. The Notice also describes, in plain language, the terms of the settlement, informs the Class Members about the allocation of attorneys' fees, and provide specific information regarding the date, time, and place of the final approval hearing.

27.     The Notice to be sent to members of the FLSA Class satisfies the requirements of the FLSA. Section 216(b) of the FLSA states in relevant part that:

[a]n action ... may be maintained ... in any Federal or State court of competent jurisdiction by any one or more employees for an in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

28.     To serve the "broad remedial purpose" of the FLSA, courts can order notice to other potentially similarly situated individuals to inform them of their right to "opt in" to the lawsuit. *See Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989).

29.     In *Hoffmann-La Roche*, the Supreme Court held that the benefits to the judicial system of collective actions "depend upon employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." 493 U.S. at 170.  District Courts are encouraged to become involved in the notice process early, to ensure "timely, accurate, and informative" notice and to help facilitate the litigation moving forward. *Id.* at 171-72.

30.     For the reasons set forth above, the Court approves the Notice to be sent to members of the FLSA Class for purposes of the FLSA.

## VI.     Class Action Settlement-Procedure

31.     The Court hereby adopts the settlement procedure set forth in the Settlement Agreement.

32.     The Court directs the mailing, by first class mail and/or email, as applicable, of the Notices and Claim Forms, and Request for Exclusion Form to the Class Members in accordance with the schedule set forth in the Settlement Agreement.  The Court finds that the method and dates selected for the mailing of these documents meet the requirements of due process, provide the best notice practicable under the circumstances and constitute due and sufficient notice to all persons entitled to notice.

33.     Pending the Court's final approval of the Settlement Agreement, all proceedings in this action, except those related to approval of the Settlement Agreement, are stayed.

34.     Members of the Settlement Classes who object to the Settlement Agreement are not required to appear at the Fairness Hearing. However, persons wishing to be heard orally in opposition to the approval of the Settlement Agreement are required to state in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlement Agreement and desire to present evidence at the Fairness Hearing must include in their written objections the identity of any person from whom they may obtain a declaration and exhibits they intend to introduce into evidence at the Fairness Hearing.

35.     Plaintiffs shall file their Motion for Attorney's Fees and Litigation Expenses no later than seven (7) days before the date of the final approval hearing.

36.     Under no circumstances shall this Order be construed, deemed or used as an admission, concession or declaration by or against Elite of any fault, wrongdoing, breach or liability.

37.     Should the Settlement Agreement not be finally approved, or should the Effective Date, as that term is defined in the Settlement Agreement, not occur, this Order shall be null and void and of no further force and effect, and the parties shall be restored to their respective positions prior to the execution of the Settlement Agreement. Upon such nullification, neither this Order nor the Settlement Agreement shall be used or referred to for any purpose in this action or in any other proceeding, and the Settlement Agreement and all negotiations thereto shall be inadmissible.

38.     Neither this Order, the Settlement Agreement, nor any other documents or information relating to the settlement of this action shall be admissible in any proceeding as evidence: (a) that any group of similarly situated or other employees exists to maintain a collective action under the FLSA, or a class action under Rule 23 of the Federal Rules of Civil Procedure or comparable state laws or rules, (b) that any party has prevailed in this case, or (c) that the Defendant or others have engaged in any wrongdoing. The Settlement Agreement,

11

however, may be admitted into evidence or otherwise used to enforce any of the terms of the Settlement Agreement.

39. The final approval hearing will be held on ~~May~~ 1, 2014, at ~~11~~ a.m./~~p.m.~~

It is so ORDERED this 9th day of January, 2014.

_____
Honorable Alison J. Nathan
United States District Judge

COURTESY COPY

# Exhibit B

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

## If you were an intern at Elite Model Management, you may be able to participate in a class action settlement.

*A federal court authorized this Notice. It is not a solicitation from a lawyer.*

- As discussed below, the settlement will provide a fund of $450,000 from which payments will be made to persons who interned for Elite in New York between February 15, 2007 and [INSERT DATE OF PRELIMINARY APPROVAL]

- Read this notice carefully, as your legal rights may be affected whether or not you respond.

| YOUR RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| SUBMIT A CLAIM FORM | This is the only way you get a payment. **The Claim Form must be submitted by[INSERT END OF NOTICE PERIOD], and is enclosed with this notice** |
| EXCLUDE YOURSELF | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Elite, about the legal claims in this case. |
| OBJECT | Write to the Court about why you do not like the settlement. |
| GO TO A HEARING | Ask to speak in Court about the fairness of the settlement. |
| DO NOTHING | Get no payment. Give up rights. |

*pursuant to this settlement* [handwritten annotation]

- These rights and options – and the deadlines to exercise them – are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after appeals are resolved. Please be patient.

QUESTIONS? CALL TILGHMAN & CO., P.C. 800-xxx-xxxx

## 1.    Why Did I Get This Notice?

You received this Notice because Elite's records show that you may have been an unpaid intern for Elite in New York between February 15, 2007 and [INSERT DATE OF PRELIMINARY APPROVAL].

A proposed settlement has been reached in this class action and collective action lawsuit in which a former intern sued Elite alleging that the company violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by, among other things, not paying its interns minimum wages and overtime (the "Lawsuit").

You have a right to know about the proposed settlement of the Lawsuit and your options before the Court decides whether to grant final approval to the settlement.

This Notice explains the Lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

## 2.    What Are The Terms Of The Settlement?

Subject to Court approval, Elite has agreed to pay up to a total of $450,000 (the "Settlement Fund") to settle the Lawsuit, which will be used for the following:

### a.  The Settlement Benefits

The amount of the Settlement Payment to each Class Member who submits a timely claim form (enclosed with this Notice) will be determined based on the total number of weeks that each Class Member served as an intern for Elite. Elite has agreed to pay each Class Member who properly submits a timely Claim Form a minimum of $700.64 (based on a four-week internship at $175.16 per week), up to a maximum of $1,751.61 (based on a ten-week internship), less any applicable taxes.

### b.  Wage Withholdings on Settlement Payments.

One third (33 1/3%) of the Settlement Payment made to each Class Member who participates in the settlement will be considered "wages." Just like a paycheck you would receive from an employer, this portion is subject to required wage withholdings and deductions (including tax withholdings), so the amount that each Class Member who participates in the settlement receives will be reduced by applicable taxes. Each participating Class Member will be issued an IRS Form W-2 for that amount. The remaining two thirds (66 2/3%) of any Settlement Payment will not be considered wages. Each participating Class Member will be issued an IRS Form 1099 for that amount, and he or she will be responsible for the tax obligations associated with receiving that payment.

### c.  Administration Costs, Attorneys' Fees and Expenses, and Service Awards

Class Counsel will apply to the Court for the costs of administering the settlement, not to exceed $15,000. Counsel will also ask the Court to award attorney's fees and expenses of 31.8% of the Settlement Fund, which equals $143,500.  In a class action, it is customary for the attorneys representing the class to request a legal fee and reimbursement of expenses.  In this case, Class Counsel worked without any guarantee of a recovery or reimbursement of expenses.  In addition, Class Counsel will ask the Court to authorize service awards totaling $20,000 to be paid from the Settlement Fund, and to be distributed among Plaintiff and four other former Elite interns (collectively the "Class Representatives") who joined and participated in the Lawsuit prior to the parties reaching an agreement to settle.  The service awards are for the Class Representatives' efforts in helping achieve this settlement and in recognition of the risks they took in coming forward.

### 3.    Why is there a Settlement?

The parties have reached a settlement to avoid the risks and costs that will result from further litigation. The settlement covers former interns in New York between February 15, 2007 and [INSERT DATE OF PRELIMINARY APPROVAL] (the "NYLL Class") and interns in Los Angeles, California or Miami, Florida between February 15, 2010 and [INSERT DATE OF PRELIMINARY APPROVAL] (the "FLSA Class").  According to Elite's records, you may be member of the NYLL Class.

Plaintiff and her counsel believe that the settlement is fair, reasonable, and adequate and in the best interest of Elite's former interns.  The settlement is a compromise and is not an admission of liability on the part of Elite, which denies all wrongdoing in this matter and believes it has strong defenses to these claims.  The Court has not ruled on the merits of Plaintiff's claims or Elite's defenses.

### 4.    How You Get a Payment -- Submitting a Claim Form

If you wish to participate in the settlement and be eligible to receive a Settlement Payment, you must fill out and return the Claim Form attached to this Notice, together with the attached IRS tax form, which must also be completed so that appropriate taxes can be withheld.

<u>You must properly complete and return the Claim Form and W-9 Form by mail, e-mail, or fax to the Claims Administrator at the below address so that it is postmarked or received on or before [INSERT END OF NOTICE PERIOD].</u>

[Insert Claims Administrator Name and Address]

If you do not submit a Claim Form and W-9 Form that is both on-time and properly filled out, you will not receive any payment under the settlement.

QUESTIONS? CALL TILGHMAN & CO., P.C. 800-xxx-xxxx

3

**5.     Can I Exclude Myself From The Settlement?**

If you do not want to be part of the settlement, you may "opt out" of the settlement by mailing, emailing or faxing a short statement to the Claims Administrator with your name, address, and phone number stating "I, [insert name], wish to opt-out of the Elite class action settlement, and not receive any of the benefits or be bound by the judgment in the case." Your opt out statement must be returned to the Claims Administrator at the above address so that it is postmarked or received on or before [INSERT END OF NOTICE PERIOD].

If you choose to opt out of the settlement:  (1) you will not be entitled to receive any money under the settlement; and (2) you will not be considered to have released your claims against Elite pursuant to the terms of the release in the Settlement Agreement, as discussed below in Paragraph 7.  If you opt out of the settlement, you may not pursue any recovery at all under the settlement and you may not object to the settlement or participate in the Final Approval Hearing.

**6.     What Happens If I Do Nothing?**

If you do not timely submit a Claim Form or request to be excluded from the settlement, you will receive no compensation and you will have released certain rights to bring a lawsuit on your own behalf, pursuant to the terms of the release in the Settlement Agreement, as discussed below in Paragraph 7.

**7.     What Is The Legal Effect Of the Settlement?**

If you choose to accept the settlement, you will be releasing any claims arising out of the allegations in this lawsuit concerning compensation allegedly owed by Elite to its interns When claims are "released," it means that you cannot sue Elite based on the facts or legal theories that are involved in the Lawsuit.  A full description to the claims you are releasing is set forth in paragraph 86 of the Settlement Agreement, which is available to as in the court file as described below.

**8.     What Is The Next Step In The Approval Of The Settlement?**

The Court will hold a Final Approval Hearing on the fairness and adequacy of the proposed settlement, Class Counsel's request for attorneys' fees and expenses, the service awards to the Class Representatives, and the settlement administration costs on _____, 2014 at __:___ [a.m./p.m.] before Honorable Alison J. Nathan in Courtroom 906 of the United States District Court for the Southern District of New York, 40 Foley Square, New York, New York 10007.  The time for this hearing may change without further notification to Class Members.  You are not required to attend the Final Approval Hearing.

**QUESTIONS? CALL TILGHMAN & CO., P.C. 800-xxx-xxxx**

**9.    Can I Object To The Settlement?**

You may object to the settlement, either personally or through an attorney at your own expense, by filing a written objection with the Clerk's Office at the United States District ~~Daniel Patrick~~ Court for the Southern District of New York, ~~Thurgood Marshall United States~~ ~~Moynihan United~~ ~~Courthouse~~, 500 Pearl Street, New York, New York 10007. All objections must set forth ~~States Courthouse~~ the basis for the objection and must be signed and set forth your name, address, telephone number, and the name of the action: *Davenport v. Elite Model Management Corp.*, Case No. 1:13-cv-01061-AJN. All objections must be filed with the Court and a copy mailed to the attorneys for the parties listed below, so that they are received no later than [INSERT END OF NOTICE PERIOD].

| **Class Counsel:** | **Defendant's Counsel:** |
|---|---|
| Steven L. Wittels, Esq. | Gary D. Friedman, Esq. |
| J. Burkett McInturff, Esq. | Weil, Gotshal & Manges LLP |
| Wittels Law, P.C. | 767 Fifth Avenue |
| 18 Half Mile Road | New York, New York 10153 |
| Armonk, New York 10504 | Telephone: (212) 310-8000 |
| Telephone: (914) 319-9945 | Facsimile: (212) 310-8007 |
| Facsimile: (914) 273-2563 | |

If you submit a timely objection, you may appear, either personally or through an attorney, at your own expense, at the Final Approval Hearing, but you are not required to do so. Any lawyer you retain to appear for you must file a notice of appearance with the Court and counsel for the Class and Defendant no later than INSERT END OF NOTICE PERIOD.

Any Class Member who does not object in the manner described above shall be deemed to have waived any objections, and shall be foreclosed from objecting to any aspects of the settlement.

**10.    Do I have Lawyer In This Case?**

The Court has appointed *Wittels Law (www.wittelslaw.com)* as Class Counsel to represent you and the other Class Members in connection with the settlement. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**11.    How Can I Get More Information?**

This Notice summarizes the Lawsuit, the basic terms of the Settlement, and other related matters. If you have questions, contact the Claims Administrator Tilghman & Co., P.C. at (800)-xxx-xxxx. You may also contact Class Counsel Steven L. Wittels or J. Burkett McInturff at elitesettlement@wittelslaw.com or (914) 319-9945, or you may also read the full settlement agreement by requesting to see the court file for *Davenport v. Elite Model*

*Management Corp.*, Case No. 1:13-cv-01061-AJN during regular business hours in the Clerk's Office at 500 Pearl Street, New York, New York, 10007.

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE, OR ELITE WITH INQUIRES ABOUT THE SETTLEMENT**

**CLAIM FORM, IRS FORM, AND RELEASE**

*Davenport v. Elite Model Management Corporation*, Case No. 1:13-cv-0106

**NOTE: IF SENT BY MAIL, THESE FORMS MUST BE POST-MARKED NO
LATER THAN [INSERT END OF NOTICE PERIOD]. IF SENT BY FAX OR E-
MAIL, THESE FORMS MUST BE RECEIVED BY THE CLAIMS
ADMINISTRATOR PRIOR TO MIDNIGHT, EASTERN STANDARD TIME, ON
[INSERT END OF NOTICE PERIOD].**

1. **Instructions**

    a. If you wish to participate in the settlement, you must properly complete
    and return both this Claim Form and the IRS Form W-9 form by mail, e-
    mail, or fax to the Claims Administrator at the below address on or before
    [INSERT END OF NOTICE PERIOD].

    [Insert Claims Administrator Name and Address]

    b. In order to be considered timely, a Claim Form and IRS Form W-9 that
    are mailed must be postmarked on or before [INSERT END OF NOTICE
    PERIOD]. A Claim Form and IRS Form W-9 that are submitted by e-mail
    or fax must be actually received by the Claims Administrator on or before
    [INSERT END OF NOTICE PERIOD].

    c. In order to properly complete this Claim Form, you must provide the
    personal information requested below in Paragraph 2, and truthfully
    respond to the questions below in Paragraph 3 to determine your class
    membership.

    d. In order to properly complete this Claim Form, you must also properly
    complete and return the Substitute IRS Form W-9 on page 4.

2. **Personal Information (please print)**

    a. Your name:                                    _____.

    b. Your name while an intern
    for Elite (if different):                        _____.

    c. Street Address:                              _____.

    d. City/State/Zip:                              _____.

    e. E-mail Address:                             _____.

3.  **Class Membership**

    a.    Were you an intern for Elite Model Management at any time between February 15, 2007 and [Insert Date of Preliminary Approval]?

        Please check **only one** box below

        ☐    Yes, I was an intern for Elite Model Management in New York at some point between February 15, 2007 and [Insert Date of Preliminary Approval].

        ☐    No, I was not an intern for Elite Model Management at any time between February 15, 2007 and [Insert Date of Preliminary Approval].

    b.    If you checked "yes" to the question above, please answer the following question truthfully and accurately to the best of your recollection, as Elite will consult its records, and you should consult your records, regarding the period of the internship.

        i.    I served as an intern in the year(s) 20___ for Elite Model Management for a total of _____ weeks.

4.  **Release and Covenant Not To Sue**

By completing, signing, and submitting this form, I agree and acknowledge that I have released certain rights to bring a lawsuit on my own behalf, pursuant to the terms of the release in the Settlement Agreement, as discussed in Paragraph 7 of the Notice of Proposed Class Action Settlement and Final Approval Hearing.

5.  **Signature**

I declare under penalty of perjury that my responses as set forth above are true and correct.

Executed on: 

_____      _____

Signature                               Date

Claim Form, IRS Form, and Release

2

**QUESTIONS? CALL TILGHMAN & CO., P.C. 800-xxx-xxxx**

**NOTE: YOU MUST INCLUDE THE FOLLOWING IRS W-9 FORM WITH YOUR CLAIM FORM AS IT IS REQUIRED FOR WAGE WITHHOLDINGS ON SETTLEMENT PAYMENTS**

**THE INFORMATION (INCLUDING SOCIAL SECURITY NUMBER) YOU PROVIDE ON THE W-9 FORM WILL BE KEPT CONFIDENTIAL BY THE ADMINISTRATOR AND ELITE**

Under the terms of the settlement, 33 1/3% of the Settlement Payment made to each Class Member who participates in the settlement will be considered "wages." Just like a paycheck you would receive from an employer, this portion is subject to required wage withholdings and deductions (including tax withholdings). Each participating Class Member will be issued an IRS Form W-2 for that amount. The remaining 66 2/3% of any Settlement Payment will not be considered wages. Each participating Class Member will be issued an IRS Form 1099 for that amount, and he or she will be responsible for the tax obligations associated with receiving that payment.

**PLEASE INCLUDE THE COMPLETED IRS FORM W-9 (BELOW) WITH THE CLAIM FORM**

**Substitute IRS Form W-9**

Enter Your Social Security Number: ___  ___  ___  --  ___  ___  --  ___  ___  ___  ___

*Under penalty of perjury, I certify that:*

1.  The social security number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); *and*

2.  I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; *and*

3.  I am a U.S. citizen or other U.S. person (including a U.S. resident alien).

*Note: If you have been notified by the IRS that you are subject to backup withholding, you must cross out item 2 above. **The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholding.***

**I declare under penalty of perjury under the laws of the State of_____ _____ (the state where you are located) that the foregoing statements are true, and that this document was signed on _____(date MM/DD/YY), in_____ (city), _____, (state).**

**Print Name:** _____

**Signature:** _____

*If you wish to participate in the settlement, this Claim Form, and the Substitute IRS Form W-9 must be completed, signed, dated, and returned via U.S. Mail, fax, or e-mail to:*

> [Claims Administrator]
> Elite Model Management Intern Lawsuit
> [Mailing Address]
> [Fax]
> [Email]

Claim Form, IRS Form, and Release

4

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

---

## If you were an intern at Elite Model Management, you may be able to participate in a class action settlement.

---

*A federal court authorized this Notice.  It is not a solicitation from a lawyer.*

- As discussed below, the settlement will provide a fund of $450,000 from which payments will be made to persons who interned for Elite in Los Angeles, California or Miami, Florida between February 15, 2010 and [INSERT DATE OF PRELIMINARY APPROVAL]

- Read this notice carefully, as your legal rights may be affected whether or not you respond.

| YOUR RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| SUBMIT A CLAIM FORM | This is the only way you get a payment. **The Claim Form must be submitted by[INSERT END OF NOTICE PERIOD], and is enclosed with this notice** |
| OBJECT | Write to the Court about why you do not like the settlement. |
| GO TO A HEARING | Ask to speak in Court about the fairness of the settlement. |
| DO NOTHING | Get no payment.  Do not give up rights. |

- These rights and options – and the deadlines to exercise them – are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement.  Payments will be made if the Court approves the settlement and after appeals are resolved.  Please be patient.

### 1.   Why Did I Get This Notice?

You received this Notice because Elite's records show that you may have been an unpaid intern for Elite in Los Angeles, California or Miami, Florida between February 15, 2010 and [INSERT DATE OF PRELIMINARY APPROVAL].

QUESTIONS? CALL TILGHMAN & CO., P.C. 800-xxx-xxxx

A proposed settlement has been reached in this class action and collective action lawsuit in which a former intern sued Elite alleging that the company violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by, among other things, not paying its interns minimum wages and overtime (the "Lawsuit").

You have a right to know about the proposed settlement of the Lawsuit and your options before the Court decides whether to grant final approval to the settlement.

This Notice explains the Lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

## 2.    What Are The Terms Of The Settlement?

Subject to Court approval, Elite has agreed to pay up to a total of $450,000 (the "Settlement Fund") to settle the Lawsuit, which will be used for the following:

### a.  The Settlement Benefits

The amount of the Settlement Payment to each Class Member who submits a timely claim form (enclosed with this Notice) will be determined based on the total number of weeks that each Class Member served as an intern for Elite. Elite has agreed to pay each Class Member who properly submits a timely Claim Form a minimum of $700.64 (based on a four-week internship at $175.16 per week), up to a maximum of $1,751.61 (based on a ten-week internship), less any applicable taxes.

### b.  Wage Withholdings on Settlement Payments.

One third (33 1/3%) of the Settlement Payment made to each Class Member who participates in the settlement will be considered "wages." Just like a paycheck you would receive from an employer, this portion is subject to required wage withholdings and deductions (including tax withholdings), so the amount that each Class Member who participates in the settlement receives will be reduced by applicable taxes. Each participating Class Member will be issued an IRS Form W-2 for that amount. The remaining two thirds (66 2/3%) of any Settlement Payment will not be considered wages. Each participating Class Member will be issued an IRS Form 1099 for that amount, and he or she will be responsible for the tax obligations associated with receiving that payment.

### c.  Administration Costs, Attorneys' Fees and Expenses, and Service Awards

Class Counsel will apply to the Court for the costs of administering the settlement, not to exceed $15,000. Counsel will also ask the Court to award attorney's fees and expenses of 31.8% of the Settlement Fund, which equals $143,500. In a class action, it is customary for the attorneys representing the class to request a legal fee and reimbursement of expenses. In this case, Class Counsel worked without any guarantee of a recovery or reimbursement of expenses. In addition, Class Counsel will ask the Court

to authorize service awards totaling $20,000 to be paid from the Settlement Fund, and to be distributed among Plaintiff and four other former Elite interns (collectively the "Class Representatives") who joined and participated in the Lawsuit prior to the parties reaching an agreement to settle. The service awards are for the Class Representatives' efforts in helping achieve this settlement and in recognition of the risks they took in coming forward.

### 3.   Why is there a Settlement?

The parties have reached a settlement to avoid the risks and costs that will result from further litigation. The settlement covers former interns in New York between February 15, 2007 and [INSERT DATE OF PRELIMINARY APPROVAL (the "NYLL Class") and interns in Los Angeles, California or Miami, Florida between February 15, 2010 and [INSERT DATE OF PRELIMINARY APPROVAL] (the "FLSA Class"). According to Elite's records, you may be member of the FLSA Class.

Plaintiff and her counsel believe that the settlement is fair, reasonable, and adequate and in the best interest of Elite's former interns. The settlement is a compromise and is not an admission of liability on the part of Elite, which denies all wrongdoing in this matter and believes it has strong defenses to these claims. The Court has not ruled on the merits of Plaintiff's claims or Elite's defenses.

### 4.   How You Get a Payment -- Submitting a Claim Form

If you wish to participate in the settlement and be eligible to receive a Settlement Payment, you must fill out and return the Claim Form attached to this Notice, together with the attached IRS tax form, which must also be completed so that appropriate taxes can be withheld.

<u>You must properly complete and return the Claim Form and W-9 Form by mail, e-mail, or fax to the Claims Administrator at the below address so that it is postmarked or received on or before [INSERT END OF NOTICE PERIOD].</u>

[Insert Claims Administrator Name and Address]

If you do not submit a Claim Form and W-9 Form that is both on-time and properly filled out, you will not receive any payment under the settlement.

### 5.   Can I Exclude Myself From The Settlement?

If you do not want to be part of the settlement, you do not have to respond to this Notice. If you do not properly submit a timely Claim Form, you will be excluded from the settlement. If you choose not to submit a Claim Form:  (1) you will not be entitled to receive any money under the settlement; and (2) you will not be considered to have released your claims against Elite pursuant to the terms of the release in the Settlement Agreement, as discussed below in Paragraph 7.  If you opt out of the settlement, you may

**QUESTIONS? CALL TILGHMAN & CO., P.C. 800-xxx-xxxx**

3

not pursue any recovery at all under the settlement and you may not object to the settlement or participate in the Final Approval Hearing.

### 6.    What Happens If I Do Nothing?

If you do nothing, you will not be entitled to share in any amounts recovered as part of the settlement and your rights will not be affected by any decision in this case, whether favorable or unfavorable to either party.  You also will not be considered to have released your claims against Elite pursuant to the terms of the release in the Settlement Agreement, as discussed below in Paragraph 7.

### 7.    What Is The Legal Effect Of the Settlement?

If you opt in to the settlement, you will be releasing any claims arising out of the allegations in this lawsuit concerning compensation allegedly owed by Elite to its interns When claims are "released," it means that you cannot sue Elite based on the facts or legal theories that are involved in the Lawsuit.  A full description to the claims you are releasing is set forth in paragraph 86 of the Settlement Agreement, which is available to as in the court file as described below.

### 8.    What Is The Next Step In The Approval Of The Settlement?

The Court will hold a Final Approval Hearing on the fairness and adequacy of the proposed settlement, Class Counsel's request for attorneys' fees and expenses, the service awards to the Class Representatives, and the settlement administration costs on _____, 2014 at __:___ [a.m./p.m.] before Honorable Alison J. Nathan in Courtroom 906 of the United States District Court for the Southern District of New York, 40 Foley Square, New York, New York 10007.  The time for this hearing may change without further notification to Class Members.  You are not required to attend the Final Approval Hearing.

### 9.    Can I Object To The Settlement?

You may object to the settlement, either personally or through an attorney at your own expense, by filing a written objection with the Clerk's Office at the United States District, ~~Daniel Patrick~~ Court for the Southern District of New York, ~~Thurgood Marshall~~ United States ~~Daniel Patrick~~ Courthouse, 500 Pearl Street, New York, New York 10007.  All objections must set forth ~~Moynihan~~ the basis for the objection and must be signed and set forth your name, address, telephone number, and the name of the action: *Davenport v. Elite Model Management Corp.*, Case No. 1:13-cv-01061-AJN.  All objections must be filed with the Court and a copy mailed to the attorneys for the parties listed below, so that they are received no later than [INSERT END OF NOTICE PERIOD].

**QUESTIONS? CALL TILGHMAN & CO., P.C. 800-xxx-xxxx**

4

| **Class Counsel:** | **Defendant's Counsel:** |
|---|---|
| Steven L. Wittels, Esq. | Gary D. Friedman, Esq. |
| J. Burkett McInturff, Esq. | Weil, Gotshal & Manges LLP |
| Wittels Law, P.C. | 767 Fifth Avenue |
| 18 Half Mile Road | New York, New York 10153 |
| Armonk, New York 10504 | Telephone: (212) 310-8000 |
| Telephone: (914) 319-9945 | Facsimile: (212) 310-8007 |
| Facsimile: (914) 273-2563 | |

If you submit a timely objection, you may appear, either personally or through an attorney, at your own expense, at the Final Approval Hearing, but you are not required to do so. Any lawyer you retain to appear for you must file a notice of appearance with the Court and counsel for the Class and Defendant no later than INSERT END OF NOTICE PERIOD.

Any Class Member who does not object in the manner described above shall be deemed to have waived any objections, and shall be foreclosed from objecting to any aspects of the settlement.

### 10.   Do I have Lawyer In This Case?

The Court has appointed *Wittels Law (www.wittelslaw.com)* as Class Counsel to represent you and the other Class Members in connection with the settlement. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 11.   How Can I Get More Information?

This Notice summarizes the Lawsuit, the basic terms of the Settlement, and other related matters. If you have questions, contact the Claims Administrator Tilghman & Co., P.C. at (800)-xxx-xxxx. You may also contact Class Counsel Steven L. Wittels or J. Burkett McInturff at elitesettlement@wittelslaw.com or (914) 319-9945, or you may also read the full settlement agreement by requesting to see the court file for *Davenport v. Elite Model Management Corp.*, Case No. 1:13-cv-01061-AJN during regular business hours in the Clerk's Office at 500 Pearl Street, New York, New York, 10007.

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE, OR ELITE WITH INQUIRES ABOUT THE SETTLEMENT**

**QUESTIONS? CALL TILGHMAN & CO., P.C. 800-xxx-xxxx**

5

### CLAIM FORM, IRS FORM, AND RELEASE
*Davenport v. Elite Model Management Corporation*, Case No. 1:13-cv-0106

**NOTE:  IF SENT BY MAIL, THESE FORMS MUST BE POST-MARKED NO LATER THAN [INSERT END OF NOTICE PERIOD].  IF SENT BY FAX OR E-MAIL, THESE FORMS MUST BE RECEIVED BY THE CLAIMS ADMINISTRATOR PRIOR TO MIDNIGHT, EASTERN STANDARD TIME, ON [INSERT END OF NOTICE PERIOD].**

1.  <u>Instructions</u>

    a.    If you wish to participate in the settlement, you must properly complete and return both this Claim Form and the IRS Form W-9 form by mail, e-mail, or fax to the Claims Administrator at the below address on or before [INSERT END OF NOTICE PERIOD].

            [Insert Claims Administrator Name and Address]

    b.    In order to be considered timely, a Claim Form and IRS Form W-9 that are mailed must be postmarked on or before [INSERT END OF NOTICE PERIOD].  A Claim Form and IRS Form W-9 that are submitted by e-mail or fax must be actually received by the Claims Administrator on or before [INSERT END OF NOTICE PERIOD].

    c.    In order to properly complete this Claim Form, you must provide the personal information requested below in Paragraph 2, and truthfully respond to the questions below in Paragraph 3 to determine your class membership.

    d.    In order to properly complete this Claim Form, you must also properly complete and return the Substitute IRS Form W-9 on page 4.

2.  <u>Personal Information (please print)</u>

    a.    Your name:     _____.

    b.    Your name while an intern for Elite (if different):     _____.

    c.    Street Address:     _____.

    d.    City/State/Zip:     _____.

    e.    E-mail Address:     _____.

3.    **Class Membership**

    a.    Were you an intern for Elite Model Management at any time between February 15, 2010 and [Insert Date of Preliminary Approval]?

        Please check **only one** box below

        ☐    Yes, I was an intern for Elite Model Management in Los Angeles, California or Miami, Florida at some point between February 15, 2010 and [Insert Date of Preliminary Approval].

        ☐    No, I was not an intern for Elite Model Management at any time between February 15, 2010 and [Insert Date of Preliminary Approval].

    b.    If you checked "yes" to the question above, please answer the following question truthfully and accurately to the best of your recollection, as Elite will consult its records, and you should consult your records, regarding the period of the internship.

        i.    I served as an intern in the year(s) 20___ for Elite Model Management for a total of _____ weeks.

4.    **Consent to Join**

    By completing, signing, and submitting this Claim Form form, I hereby consent to become a party plaintiff in this Lawsuit. I designate Wittels Law, P.C. to represent me in this Lawsuit for purposes of the settlement only. I received and have read and understand the Notice of Proposed Class Action Settlement and Final Approval Hearing in this Lawsuit, and I wish to be included in the class and participate in the proposed settlement.

5.    **Release and Covenant Not To Sue**

    By completing, signing, and submitting this form, I agree and acknowledge that I have released certain rights to bring a lawsuit on my own behalf, pursuant to the terms of the release in the Settlement Agreement, as discussed in Paragraph 7 of the Notice of Proposed Class Action Settlement and Final Approval Hearing.

6. **Signature**

I declare under penalty of perjury that my responses as set forth above are true and correct.

Executed on:

_____          _____
Signature                                                         Date

**NOTE: YOU MUST INCLUDE THE FOLLOWING IRS W-9 FORM WITH YOUR CLAIM FORM AS IT IS REQUIRED FOR WAGE WITHHOLDINGS ON SETTLEMENT PAYMENTS**

**THE INFORMATION (INCLUDING SOCIAL SECURITY NUMBER) YOU PROVIDE ON THE W-9 FORM WILL BE KEPT CONFIDENTIAL BY THE ADMINISTRATOR AND ELITE**

Under the terms of the settlement, 33 1/3% of the Settlement Payment made to each Class Member who participates in the settlement will be considered "wages." Just like a paycheck you would receive from an employer, this portion is subject to required wage withholdings and deductions (including tax withholdings). Each participating Class Member will be issued an IRS Form W-2 for that amount. The remaining 66 2/3% of any Settlement Payment will not be considered wages. Each participating Class Member will be issued an IRS Form 1099 for that amount, and he or she will be responsible for the tax obligations associated with receiving that payment.

**PLEASE INCLUDE THE COMPLETED IRS FORM W-9 (BELOW) WITH THE CLAIM FORM**

**Substitute IRS Form W-9**

Enter Your Social Security Number: ___  ___  ___  --  ___  ___  --  ___  ___  ___  ___

*Under penalty of perjury, I certify that:*

1.  The social security number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); *and*

2.  I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; *and*

3.  I am a U.S. citizen or other U.S. person (including a U.S. resident alien).

*Note: If you have been notified by the IRS that you are subject to backup withholding, you must cross out item 2 above.* ***The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholding.***

**I declare under penalty of perjury under the laws of the State of_____  _____  (the  state where you are located) that the foregoing statements are true, and that this document was signed on _____(date MM/DD/YY), in_____ (city), _____, (state).**

**Print Name:** _____

**Signature:** _____

*If you wish to participate in the settlement, this Claim Form, and the Substitute IRS Form W-9 must be completed, signed, dated, and returned via U.S. Mail, fax, or e-mail to:*

> [Claims Administrator]
> Elite Model Management Intern Lawsuit
> [Mailing Address]
> [Fax]
> [Email]

**QUESTIONS? CALL TILGHMAN & CO., P.C. 800-XXX-XXXX**